349 So.2d 741 (1977)
In re: ESTATE OF Earl Tom PRIDGEON, Jr., Deceased.
No. DD-43.
District Court of Appeal of Florida, First District.
August 25, 1977.
*742 Robert C. Parker, Jr., Tallahassee, for appellant.
Robert A. Mick, Henry, Buchanan, Mick & English, P.A., Tallahassee, for appellee.
PER CURIAM.
The trial court correctly construed the term "independent action" appearing in § 733.705(3), Florida Statutes, 1975, to require the filing of a separate action upon a claim against an estate to which an objection has been filed rather than the filing of a petition for payment of the claim in the probate action. We find no abuse of discretion by the trial court in extending the claimant's time for filing such independent action.
Affirmed.
McCORD, C.J., and BOYER, J., concur.
RAWLS, J., dissents.
RAWLS, Judge (dissenting).
This court's majority opinion in In Re Kemp's Estate, 177 So.2d 757 (Fla. 1st DCA 1965), mandates a reversal of the case at bar.
Here, the trial court's basis for finding "good cause" is:
"... the Court being of the opinion that considerable confusion has been generated by transition to the new Florida Probate Code effective January 1, 1976, and that additional confusion has resulted from the adoption of Article V of the Florida Constitution effective January 1, 1973, conveying to the Circuit Court jurisdiction over administration of decedents' estates... ."
and upon these grounds granted to appellee a period of 15 days to file an action.[1]
Judge Sturgis, speaking for this court in the Kemp case, quoted at length from the landmark case of In Re Goldman's Estate, 79 So.2d 846 (Fla. 1955). The facts in Goldman are quite analogous to those in the instant case in that the attorneys for claimant alleged that confusion had resulted in their not receiving a copy of the new statute reducing the time for filing suit from one year to 60 days. The probate judge agreed with claimant and entered an order extending the time to file suit. In reversing, the Florida Supreme Court, in quoting from In Re Jeffries' Estate, 136 Fla. 410, 181 So. 833 (1938), held:
"... [A] cause sufficient to authorize an extension of time for filing suit must be a `good cause', by which it is meant that the `adjudication is to be governed by a given standard of judicial action' . .. and not mere `ignorance of law, hardship on petitioner, and reliance on [another's] advice'...."
See also Ellard v. Godwin, 77 So.2d 617 (Fla. 1955); and Exchange Nat. Bank of Winter Haven v. Field, 338 So.2d 889 (Fla. 2nd DCA 1976).
NOTES
[1] Since the enactment of the Probate Code in 1933, the rule of law has required the filing of a separate action to enforce a claim to which an objection has been filed. No opinion upon this question remotely suggests that a petition for payment of claim would suffice. Every case reviewed reflects that a separate action from the probate proceeding must be filed. The subject statute, Sec. 733.705(3), Fla. Stat., is even more explicit than in the former in that it states "an independent action".