PER CURIAM.
By this appeal appellant, as personal representative of the estate of Ronald B. Garelick, seeks review of an order of the Circuit Judge in a probate proceeding extending the time within which a claimant could “bring an independent action on her asserted claim against this estate.” The order was one of several entered in the probate proceeding. However, the notice of appeal specifically designated the order of which review was sought as being rendered on March 1, 1978, further reciting:
“The nature of the order is a final order extending the time for Elaine E. Harris, as personal representative of the estate of Forrest J. Harris, Jr., deceased, to bring an independent action on the claim which she had filed in the estate of Ronald B. Garelick.”
Said order provides as follows:

“ORDER GRANTING EXTENSION OF TIME TO BRING INDEPENDENT ACTION

“This cause was heard, after due notice, upon the motion filed by Elaine E. Harris, as Personal Representative of the Estate of Forrest J. Harris, deceased, for the entry of an order extending her time to file an independent action upon her claim which was filed herein on December 5, 1977 and which was objected to by the personal representative of this Estate on January 5, 1978. After hearing argument of respective counsel, examining the legal authorities presented by them and examining the file in this cause the Court finds that movant’s claim against this Estate was filed on December 5, 1977; that objection thereto was filed by the personal representative of this estate on January 5, 1978; that on January 27, *766 1978 and within the 30-day period allowed by Florida Statute 733.705(3) for the filing of an independent action upon her claim the movant filed in this probate file a pleading styled in this cause and entitled “Wrongful Death Complaint” and served a copy thereof upon the attorney for this Estate by United States Mail, but had no summons issued and did not cause said pleading and summons issued thereon to be served upon the personal representative of this Estate as provided by law for service of summons in independent actions at law; and that said pleading entitled “Wrongful Death Complaint” is consonant with the said Statement of Claim filed by the movant on December 5,1977, but is not an “independent action” as provided for in Florida Statute, 733.795(3) [733.705(3)].
“This Court, in the exercise of its discretion in this probate proceeding, has the authority to extend the time for filing an independent action after objection to a claim is filed for good cause shown [Florida Statute 733.705(3)] and to do so for good cause shown even after the time has expired under Florida Statute 733.705(3) for the filing of an independent action [In Re Estate of Sale (Fla.1969) 227 So.2d 199; In Re Estate of Verdier (Fla.[App.] 1973) 281 So.2d 543; In Re Estate of Pridgeon (Fla. 1st DCA 1977) 349 So.2d 741.]
“This Court finds that good cause has been shown for the granting of the extension of time requested by the movant in that: (1) the movant inadvertently but timely filed in this cause her “Wrongful Death Complaint” rather than filing and serving the same as an independent action; (2) the personal representative of this Estate has not been surprised by the movant’s assertation of a claim against this Estate for the “Wrongful Death” of movant’s decedent under Florida Statute 768.18 since the original Statement of Claim filed by movant on December 5, 1977 asserted such a claim and since the inadvertently filed “Wrongful Death Complaint” filed in this case on January 27, 1978 also asserted such a claim; and (3) since this Court is of the opinion (as apparently was the trial Court in In Re Estate of Pridgeon, supra) that confusion still exists resulting from the adoption of Article V of The Florida Constitution, effective January 1, 1973, which placed dual jurisdiction in the Circuit Courts over both probate proceedings and general civil actions. Accordingly, it is
“ORDERED AND ADJUDGED that said motion be and the same is hereby granted and Elaine E. Harris, as Personal Representative of the Estate of Forrest J. Harris, deceased, is hereby granted an extension of seven (7) days from the date of this Order within which time to bring an independent action on her asserted claim against this Estate.”
Appellant ably argues in her brief issues apparently relating to other proceedings in the same case below. However, our review must be confined to the points relating to the order appealed. As to those points we find that by the above quoted order, which is the order appealed, the learned trial judge did not improperly exercise his broad discretion.
AFFIRMED.
McCORD, C. J., and BOYER and MELVIN, JJ., concur.