HOBSON, Acting Chief Judge.
Claimant, decedent’s niece, filed her statement of claim against the estate within the three-month claim period and the personal representative filed a timely objection to this claim. Subsequently, claimant filed a motion to extend time for filing action and the court entered an order granting claimant additional time to file a petition for further proceedings to initiate *129 suit on the claim. Claimant then filed a document entitled Motion for Court to Set Hearing pursuant to F.S. 733.705(5). Whereupon the personal representative moved to dismiss this document and require a more definite statement as to the allegations of the claim. This motion was denied. The cause came on for hearing without further pleadings or responsive documents as to the issue and the court entered judgment in favor of claimant. The personal representative’s motion for rehearing was denied.
Appellant contends that the trial court erred in failing to require the claimant to file an independent action pursuant to Section 733.705(3), Florida Statutes (1977). We believe that appellant’s argument has merit and, therefore, reverse the final judgment entered in favor of the claimant.
The statutory requirement of Section 733.705(3) contains the following:
(3) The claimant shall be limited to 30 days from the date of service of an objection within which to bring an independent action upon the claim, (emphasis added)
“Independent action” as defined in Costin v. Estate of Pridgeon, 349 So.2d 741 (Fla. 1st DCA 1977), requires “the filing of a separate action upon a claim against an estate to which an objection has been filed . .” This requirement allows pleadings and responses sufficient to set the issues before the court prior to hearing.
In view of the foregoing, it is not necessary for us to address the remaining issues raised by appellant. The final judgment under review is hereby reversed. In all fairness to the appellee, the trial court should, after notice, entertain a motion to extend the time for filing an independent action upon the claim. Section 733.705(3), Florida Statutes (1977).
OTT and RYDER, JJ., concur.