# IN RE: ESTATE OF MACH
## Case No. 89-73-CP
Nineteenth Judicial Circuit, Martin County

September 18, 1989

### APPEARANCES OF COUNSEL

**Joseph L. Mannikko,** for Mary Mach.

**Randy D. Ellison,** for Respondents.

**Sidney C. Ward,** for Personal Representatives.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

#### ORDER ON PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE INDEPENDENT ACTION

This matter came on before the Court upon the motion of the petitioner, Mary Mach, for an extension of time to file an independent action. The motion was made pursuant to § 733.705(3), F.S.

The essential facts are not in dispute. The petitioner attempted to file

an independent action, but through inadvertence mistakenly filed a complaint in the Probate case and did not institute a separate action in the Civil Division of the Circuit Court. It should be emphasized that the abortive attempt was within the time limitations of Florida Statute 733.705(3). The Court, upon objection filed by the personal representatives, dismissed said claim on August 31, 1989. Petitioner then moved to extend the time period as indicated.

The provision of the statute in question has been uniformly construed to be a rule of judicial procedure and not a statute of nonclaim. See *Donhal v Syndicated Office Systems,* 529 So.2d 267 (Fla. 1988). Thus, a motion to extend is addressed to the sound discretion of the Court. Judicial discretion is, of course, not unbounded nor arbitrary, but in this or any instance must conform to well-established legal principles. The limits of discretion were well chartered by Justice Shaw in *Donahl* noted supra. The Probate Court may extend time for "good cause." Good cause in turn requires that the statute in question ". . . be interpreted so as to facilitate the settlement of estate in the interest of public welfare without unreasonably or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute in order that rights and justice shall be administered by due course of law." *Donhal,* supra, at 269.

The motion is thus addressed to both the conscience and discretion of the Probate Court. The Court, in turn, is bound to apply an equitable standard based upon the peculiar facts and circumstances of each case.

The personal representatives have submitted case authorities that, on the surface, appear to require the Court to apply the ancient Roman legal maxim *Ignortia Juris Niemen Exscusat.* A closer reading of those cases, however, reveals one essential similarity: a total failure to act within relevant time periods and a lack of justification therefor.

This case, however, reveals a totally different scenario. As indicated previously, the legal error was one of form, not substance; a mistaken action, not a failure to act. The estate, which was on notice of the claim, has demonstrated no prejudice.

Both the First and Fifth District Courts of Appeal have dealt with almost identical factual scenarios and found that an extension was warranted. See *Bell v Harris,* 366 So.2d 765 (Fla. App. 1978), and *Williams v Estate of Williams,* 493 So.2d 44 (Fla. App. 1986.

Based on the foregoing authorities and the facts of this case, the

91

petitioner has demonstrated good cause, and the motion to extend the time for filing an independent action is accordingly granted.

ORDERED at Stuart, Martin County, Florida, on this 18th day of September, 1989.