FLOORING BROKERS, INC., Plaintiff-Appellant,

v.

FLORSTAR SALES, INC., Defendant-Respondent.

Court of Appeals

*No. 2009AP540. Submitted on briefs December 10, 2009.
—Decided February 10, 2010.*

2010 WI App 40

(Also reported in 781 N.W.2d 248.)

197

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Thomas M. Bartell, Jr.* and *Todd T. Nelson* of *Stupar, Schuster & Cooper, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Susan G. Schellinger* of *Davis & Kuelthau, S.C.*, Milwaukee.

Before Brown, C.J., Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Flooring Brokers, Inc., appeals from an order dismissing its amended complaint against Florstar Sales, Inc. It contends that the circuit court erred when it determined that the doctrine of issue preclusion prevented Flooring Brokers from litigating its claims against Florstar. We agree and reverse the order. We remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2. This appeal originates from the installation of flooring at an assisted living center owned and operated by CB Investments (CBI) and known as Cameo Care Campus. Flooring Brokers requested that a representative from Florstar accompany them to Cameo Care to make a recommendation for appropriate commercial flooring. The Florstar representative stated that Commissions Plus flooring would be suitable for Cameo Care. The Commissions Plus flooring was manufactured by Armstrong World Industries, Inc., distributed by Florstar, and sold by Flooring Brokers. CBI purchased its new Commissions Plus flooring, along with installation services, from Flooring Brokers.

¶ 3. Soon after installation, Cameo Care experienced problems with the flooring, including, but not limited to, failing seams, rips, and tears. CBI sued Flooring Brokers, Florstar, and Armstrong for breach of contract and misrepresentation. Florstar and Armstrong settled with CBI and were dismissed from the case. CBI's claim for misrepresentation against Flooring Brokers was dismissed but the breach of contract claim went to trial and a jury returned a verdict awarding damages in the amount of $39,690. The circuit court rejected Flooring Brokers' post verdict motion to reduce the damages by the amounts paid to CBI by Florstar and Armstrong. Flooring Brokers appealed and we affirmed the circuit court.[1]

---

[1] *See Estate of Kresovic v. Flooring Brokers, Inc.*, No. 2006AP1068, unpublished slip op. ¶ 1 (WI App Apr. 3, 2007). There, we held that Flooring Brokers was not entitled to have the circuit court apportion damages between the three original defendants because Flooring Brokers did not cross-claim against Florstar or Armstrong. *Id.*, ¶ 9. "If Flooring Brokers

¶ 4. Flooring Brokers subsequently brought an action against Florstar in Waukesha County Circuit Court alleging negligent misrepresentation, strict liability misrepresentation, intentional misrepresentation, fraudulent misrepresentation, and contribution. Florstar responded with a motion to dismiss. Flooring Brokers subsequently amended its complaint, dropping the fraudulent misrepresentation cause of action and adding claims for breach of express warranty, breach of implied warranty, and promissory estoppel.

¶ 5. Florstar's motion to dismiss alleged that collateral estoppel, also called issue preclusion, applied to all of Flooring Brokers' claims. It also asserted that the economic loss doctrine barred the misrepresentation claims, that a "warranty disclaimer" defeated the breach of warranty claims, and that the contribution claim failed for lack of common liability. The circuit court held a hearing and concluded that issue preclusion prevented Flooring Brokers from litigating any of its claims against Florstar.

## DISCUSSION

¶ 6. The doctrine of issue preclusion forecloses relitigation of an issue that was previously litigated

---

had done so, the jury would have been able to determine the extent to which the various alleged breaches of contract contributed to CB Investments's damages." *Id.* References to the unpublished *Kresovic* opinion, which was decided in 2007, are permitted under WIS. STAT. RULE 809.23(3)(a) (2007-08). ("An unpublished opinion may not be cited in any court of this state as precedent or authority, except to support a claim of claim preclusion, issue preclusion, or the law of the case . . . ."). Certain unpublished decisions issued on or after July 1, 2009, may be cited for their persuasive value. *See* RULE 809.23(3)(b) (2007-08).

between the same parties or their privies. *Reuter v. Murphy*, 2000 WI App 276, ¶ 7, 240 Wis. 2d 110, 622 N.W.2d 464. The doctrine derives from the assumption that, in fairness to the defendant, there is a point at which litigation involving the particular controversy must end. *Lindas v. Cady*, 175 Wis. 2d 270, 279, 499 N.W.2d 692 (Ct. App. 1993), *aff'd as modified by* 183 Wis. 2d 547, 515 N.W.2d 458 (1994). Issue preclusion prevents "relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in a prior action and reduced to judgment." *Jensen v. Milwaukee Mut. Ins. Co.*, 204 Wis. 2d 231, 235, 554 N.W.2d 232 (Ct. App. 1996). To determine whether the doctrine of issue preclusion bars a litigant's claim, courts apply a two-step analysis: (1) we ask whether issue preclusion can, as a matter of law, be applied and, if so, (2) whether the application of issue preclusion would be fundamentally fair. *See Rille v. Physicians Ins. Co.*, 2007 WI 36, ¶ 36, 300 Wis. 2d 1, 728 N.W.2d 693.

¶ 7. In the first step, a circuit court must determine whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment and whether the determination was essential to the judgment. *Id.*, ¶ 37.[2] The circuit court's determination under the first step presents a question of law, which this court decides on appeal independently of the circuit court but benefiting from its analysis. *Rille*, 300 Wis. 2d 1, ¶ 37.

---

[2] If the parties to the previous litigation were different, the court must also take up the question of whether there was privity or sufficient identity of interest with the party in the previous proceeding. *See Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 224, 594 N.W.2d 370 (1999). We need not address this element because we conclude that the issues presented by Flooring Brokers were not actually litigated in the CBI lawsuit.

■

¶ 8. In the second step, which is required only if the first step is satisfied, a circuit court must decide whether applying issue preclusion comports with principles of fundamental fairness. *Id.*, ¶ 38. In this step, the court considers five factors, including the opportunity to obtain review of the previous judgment, the quality and extensiveness of the previous proceedings, and public policy. *See Masko v. City of Madison*, 2003 WI App 124, ¶ 6, 265 Wis. 2d 442, 665 N.W.2d 391. A circuit court's ultimate decision on fundamental fairness is an exercise of discretion. *Rille*, 300 Wis. 2d 1, ¶ 38. We will affirm a circuit court's exercise of discretion if the circuit court applied the proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable court could reach. *Id.*, ¶ 39.

■

¶ 9. Flooring Brokers neatly packs its primary appellate issue into the following statement: "[T]he trial court [erred] as a matter of law because the trial court failed to address the first part of the issue preclusion analysis—the trial court failed to determine if the issues alleged in this action were 'actually litigated' in a previous litigation." We agree that the circuit court's attention to the first step was insufficient. At the motion hearing, the court stated:

> [I]n terms of the first analysis that is broken down in the case law . . . whether the plaintiffs seek to litigate the question of fact or law that the party has actually litigated; whether a party asserts issue preclusion against a party that participated in a prior action and the other two alternatives don't apply since there is really no dispute that the plaintiff in the matter obviously participated as did the defendant in the matter in the earlier litigation . . . . The defendant in the matter settled out. I think that is a significant factor for the

court to consider ultimately, especially when we get into the public policy area, but I'll defer that momentarily. I think an additional analysis is whether applying issue preclusion in the case on a fundamental fairness matter.

The balance of the circuit court's analysis addresses the second step of the issue preclusion question: fundamental fairness. The court never returned to the question of whether the issues presented by Flooring Brokers were actually litigated in the previous lawsuit. Because the circuit court rested its decision on its analysis of the five fundamental fairness factors rather than first deciding whether issue preclusion should, as a matter of law, apply, the court erred. *See id.,* ¶ 37.

¶ 10. Accordingly, we turn to the question of whether the issues raised by Flooring Brokers were actually litigated in the CBI lawsuit.[3] Florstar asserts that we must ask: "Was Flooring Brokers solely responsible to CBI for the breach of contract damages that were awarded against it for faulty installation?" Because the jury already determined the answer to be

---

[3] Florstar emphasizes that Flooring Brokers could have cross-claimed against Florstar in the CBI lawsuit but failed to do so. Therefore, the argument goes, it cannot bring the same claims it could have made in the previous litigation. The circuit court appears to have agreed. In its rationale, it stated, "[W]hat is being sought here today . . . [was] clearly capable of being vetted in the . . . [CBI] litigation. And ultimately my decision here today is that they should have been." This analysis is appropriate for claim preclusion, or res judicata, which applies when a claim could have been brought in a previous case. *See Kruckenberg v. Harvey,* 2005 WI 43, ¶ 22, 279 Wis. 2d 520, 694 N.W.2d 879. Here, however, we are addressing issue preclusion. The relevant question is not whether Flooring Brokers could have cross-claimed in the CBI suit; rather, the question is

yes, and because Flooring Brokers already had the benefit of the full litigation process including an appeal, Florstar contends that issue preclusion must apply. We are not convinced that the issue framed by Florstar is the issue in the current litigation.

¶ 11.　Flooring Brokers asserts that the current litigation involves the distribution contract it entered into with Florstar, which was never litigated in the CBI lawsuit. The issues to be resolved here include "misrepresentations and breaches of [the distribution] contract relating [to] the inadequacies and inappropriateness of the flooring material," and "breaches of the warranty of merchantability and the warranty for fitness for a particular purpose" attributed to the distribution contract. To be litigated, the issues will require evidence of Florstar's knowledge of the fitness of the flooring for the intended purpose, Flooring Brokers' reliance on any Florstar representations of fitness, Florstar's liability for any breaches of warranty in the distribution contract, and Florstar's joint liability for damages assessed against Flooring Brokers.

¶ 12.　Flooring Brokers contrasts these issues with those previously litigated under the sales and installation contract between Flooring Brokers and CBI. It emphasizes that Florstar was not a party to the sales and installation contract, and as Flooring Brokers correctly points out, Florstar successfully moved the circuit court in the previous lawsuit to dismiss CBI's breach of warranty claim against Florstar. *See Estate of Kresovic v. Flooring Brokers, Inc.*, No. 2006AP1068, unpublished slip op. ¶ 9 and n.5 (WI App Apr. 3, 2007).

whether the issues presented now were "actually litigated." *See Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995).

¶ 13. We agree with Flooring Brokers. Although both actions arise from the unsatisfactory flooring at Cameo Care, the parties and obligations involved were different at each stage of the transaction. Flooring Brokers made certain representations and promises to CBI, which were the subject of the prior litigation. The jury was asked to determine whether Flooring Brokers (1) failed to properly install the flooring, (2) breached an express installation warranty it issued to CBI, and (3) breached an implied warranty of fitness for the intended purpose. *See id.*, ¶ 6. Neither the issue of Florstar's recommendation of the Commissions Plus flooring to Flooring Brokers nor the contractual obligations between Flooring Brokers and Florstar were reduced to judgment or essential to the CBI judgment. *See Rille*, 300 Wis. 2d 1, ¶ 37.

¶ 14. The one claim that stands apart from the rest, and to which Florstar most vigorously objects, is contribution. Because the CBI jury specifically attributed $39,690 in damages to Flooring Brokers for misrepresentation and faulty installation, Florstar argues that the issue of damage apportionment has already been litigated, decided, and memorialized in a final judgment. The basic elements of a contribution claim are: (1) both parties must be joint negligent wrongdoers, (2) they must have common liability because of such negligence to the same person, and (3) one such party must have borne an unequal proportion of the common burden. *Johnson v. Heintz*, 73 Wis. 2d 286, 295, 243 N.W.2d 815 (1976). These issues were not litigated in the CBI action.[4] On the contrary, Florstar

---

[4] Flooring Brokers was not compelled to bring its claim for contribution in the underlying suit. *See Rille v. Physicians Ins.*

and the circuit court identify these issues as the ones Flooring Brokers could have raised by cross claim, but did not. Issue preclusion does not apply.[5]

¶ 15. Although the circuit court rested it decision to dismiss on issue preclusion alone, Florstar also argued that dismissal was required by the economic loss doctrine, warranty disclaimers, and failure to state a claim. Florstar argues these grounds on appeal as well. Because the circuit court did not address any of the alternate grounds for dismissal, we remand for further proceedings.

## CONCLUSION

¶ 16. We hold that issue preclusion does not foreclose Flooring Brokers' claims against Florstar. Flooring Brokers does not seek to relitigate issues that were determined in a previous action and were essential to a previous judgment. *See Rille*, 300 Wis. 2d 1, ¶¶ 36–37. However, because Florstar brought multiple grounds for dismissal, the circuit court must further address the merits of the motion to dismiss. We reverse the order of the circuit court and remand for proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.

▬▬▬▬▬▬

*Co.*, 2007 WI 36, ¶¶ 14–15, 300 Wis. 2d 1, 728 N.W.2d 693 (claims for contribution "may" be brought in the original action; however, a "party may wait until after he or she is adjudged liable before filing a contribution claim").

[5] We need not reach the second step of the issue preclusion analysis, which addresses fundamental fairness, because we conclude that issue preclusion is inapplicable as a matter of law. *See Rille*, 300 Wis. 2d 1, ¶¶ 37–38.