In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3672

ISAAC SAWYER, doing business as
A-1 Security Locksmiths,

*Plaintiff-Appellee,*

*v.*

ATLAS HEATING AND SHEET METAL WORKS,
INCORPORATED,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 10-C-331—**Lynn Adelman**, *Judge*.

ARGUED MAY 4, 2011—DECIDED MAY 26, 2011

Before EASTERBROOK, *Chief Judge*, and FLAUM and
SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. On December 9, 2005, Atlas
Heating and Sheet Metal Works faxed unsolicited ad-
vertisements to Isaac Sawyer and many other persons,
violating the Telephone Consumer Protection Act, 47

U.S.C. §227. (So the complaint says, and we must accept its allegations at this stage of the litigation.) The statute of limitations is four years. 28 U.S.C. §1658. On May 18, 2009, with more than six months to go, Park Bank, one of the fax's recipients, sued Atlas Heating in a state court of Wisconsin. It proposed to represent a class of all recipients. See Wis. Stat. §803.08. But on March 16, 2010, more than four years after the ad had been faxed, and before the state judge had decided whether to certify a class, Park Bank dismissed its complaint. This left other recipients in the lurch. Isaac Sawyer tried to intervene in Park Bank's suit to keep it alive, but the state judge denied his motion. On March 19 Sawyer filed his own complaint, also in state court, seeking to represent the class of persons who had received unsolicited faxes from Atlas Heating on December 9, 2005, or any other time within four years before May 18, 2009, when Park Bank began its suit.

Atlas Heating removed the case under the federal-question jurisdiction. See 28 U.S.C. §§ 1331, 1441. Counsel for Park Bank, and perhaps counsel for Sawyer, may have believed that state courts have exclusive jurisdiction of suits under §227, but we held otherwise in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449–52 (7th Cir. 2005). Properly in federal court, Atlas Heating moved to dismiss the complaint as barred by the statute of limitations. The district court denied this motion, 731 F. Supp. 2d 850 (E.D. Wis. 2010), holding that the limitations period was tolled by Park Bank's suit for as long as it was pending. See *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974); *Crown, Cork & Seal Co., Inc. v.*

*Parker*, 462 U.S. 345 (1983). This meant that more than six months remained in the limitations period when Sawyer filed suit. The district judge also denied Atlas Heating's request to limit the new litigation to Sawyer's personal claim. We accepted an interlocutory appeal following certification under 28 U.S.C. §1292(b).

*American Pipe* holds "that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. *Crown, Cork & Seal* adds that it does not matter whether the member of the putative class intervenes in the original action or files an independent suit. Atlas Heating insists, however, that *American Pipe* does not come into play when the first suit is dismissed voluntarily. Many decisions in this circuit and elsewhere say that, when a suit is voluntarily dismissed, the statute of limitations is treated as running continually; it is not suspended or tolled. *Lee v. Cook County*, 635 F.3d 969 (7th Cir. 2011), is one recent example. But those cases concern sequential suits filed by the same person, who could have continued the original suit and can't use his own maneuvers or errors to extend a period of limitations; they do not deal with doctrines, such as *American Pipe*, that specify how a representative's suit affects third persons.

Sawyer did not have any way to prevent Park Bank from dismissing the original suit—nor did the state court permit Sawyer to intervene and take over that litigation. (Wisconsin authorizes class actions but unlike Fed. R. Civ.

P. 23(e) does not provide for judicial review of voluntary dismissals.) If Atlas Heating is right, the only way Sawyer and the fax's other recipients could have protected their interests would have been to intervene before Park Bank threw in the towel. Yet intervention would undermine the representative quality of a class action. The premise of class litigation is that individual suits and collective actions (large numbers of persons litigating under a single docket number) are inefficient, and perhaps prohibitively expensive in relation to the potential relief per victim. The Supreme Court decided *American Pipe* as it did in order to eliminate any need for members of the putative class to intervene in order to guard against an adverse outcome in the original case. 414 U.S. at 553–54. The Court's goal of enabling members of a putative class to rely on a pending action to protect their interests can be achieved only if the way in which the first suit ends—denial of class certification by the judge, abandonment by the plaintiff, or any other fashion—is irrelevant. Accord, *Robbin v. Fluor Corp.*, 835 F.2d 213 (9th Cir. 1987).

According to Atlas Heating, the tolling doctrine of *American Pipe* applies only when both suits were filed in federal court. It is true enough that both *American Pipe* and *Crown, Cork & Seal* involved sequential federal suits. But it does not follow that any rule or policy prohibits what Atlas Heating calls "cross-jurisdictional tolling." Not that this sequence itself is cross-jurisdictional: recall that *both* suits began in state court. A suit's removal does not change the substantive rule of decision—and the statute of limitations, unlike the procedures

for certifying class actions, is substantive. Compare *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945) (limitations), with *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 130 S. Ct. 1431 (2010) (Rule 23). Let us suppose, however, that Sawyer's suit should be treated as if filed originally in federal court. Still there is no reason to conclude that the Wisconsin litigation should be disregarded. It was a putative class action under a federal law; Sawyer's reliance interests were the same as if the first suit had been filed in federal court.

*In re Copper Antitrust Litigation*, 436 F.3d 782 (7th Cir. 2006), is the principal decision on which Atlas Heating relies for its objection to cross-jurisdictional tolling. We held in *Copper Antitrust* that a class action filed in state court, under state antitrust law, did not toll the time to file suit in federal court under federal antitrust law. 436 F.3d at 793–97. The point of that decision, however, was not that a change of forum was dispositive; it was that state and federal antitrust laws differ. They create different legal claims. That the period of limitations may be tolled for one claim (state antitrust law) does not imply that it is tolled for another (federal antitrust law). State rather than federal law supplies the rules for assessing the consequences of a state court's decision under state law. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985). Park Bank's suit, by contrast, was under federal law, and the statute of limitations also comes from federal law. Federal law determines the tolling effect of a suit governed by a federal statute of limitations. *American Pipe* establishes that federal rule. *Chardon v. Fumero Soto*, 462 U.S. 650

(1983), drives this point home by holding that, when the statute of limitations depends on state law, then state rules determine the tolling effect of a class suit, even if all litigation occurs in federal court. The source of law, and not the identity of the forum, determines the effect of a failed class action.

And it does not matter, under federal law, whether the first suit's status as a would-be class action ends by choice of the plaintiff (who may abandon the quest to represent a class or, as Park Bank did, bow out altogether) or by choice of the judge. Atlas Heating insists that Park Bank's suit does not count because it was "never a class action." Yet the first suits in *American Pipe* and *Crown, Cork & Seal* also were "never class actions." If they had been certified as class actions, there would have been no occasion for sequential class litigation. The rationale of *American Pipe* does not permit a distinction among situations in which the putative class representative gives up before, or after, the judge decides whether the case may proceed on behalf of a class. Tolling lasts from the day a class claim is asserted until the day the suit is conclusively not a class action—which may be because the judge rules adversely to the plaintiff, or because the plaintiff reads the handwriting on the wall and decides not to throw good money after bad. (Or perhaps because the defendant buys off the original plaintiff as soon as the statute of limitations runs, hoping to extinguish the class members' claims. That's a good reason for tolling, not a reason for blocking later suits.)

We arrive at Atlas Heating's final argument, and the reason why the district judge found that the case

presents a substantial and difficult question justifying an interlocutory appeal. The judge thought that there is a conflict among the circuits on the question whether a second case may proceed as a class action. In both *American Pipe* and *Crown, Cork & Seal*, the second suits were brought as individual litigation, after the judge in the initial suits had determined that the victims were not numerous enough to justify class litigation (*American Pipe*) or that the representative's claims were not typical of the class (*Crown, Cork & Seal*). As the district judge and the parties understand the cases, five courts of appeals have concluded that successive suits that rely on *American Pipe*'s tolling principle *never* may proceed as class actions, while three courts of appeals have held otherwise. Compare *Basch v. Ground Round, Inc.*, 139 F.3d 6 (1st Cir. 1998); *Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987); *Salazar-Calderon v. Presidio Valley Farmer's Association*, 765 F.2d 1334, 1351 (5th Cir. 1985); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988); and *Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994) (all holding that the successive suits cannot proceed as class actions), with *Yang v. Odom*, 392 F.3d 97, 111 (3d Cir. 2004); *Great Plains Trust Co. v. Union Pacific R.R.*, 492 F.3d 986, 997 (8th Cir. 2007); and *Catholic Social Services, Inc. v. INS*, 232 F.3d 1139, 1147–49 (9th Cir. 2000) (en banc) (all holding that the successive suits may be certified as class actions). The parties ask us to choose sides.

There is no conflict. The decisions collected in the preceding paragraph concern, not the statute of limitations or the effects of tolling, but the preclusive effect of a judicial decision in the initial suit applying

the criteria of Rule 23. The opinions that Atlas Heating reads as holding that a plaintiff who relies on *American Pipe* to toll the statute of limitations cannot represent a class actually hold instead that a decision declining to certify a class in the first suit binds all class members, who cannot try to evade that decision by asking for a second opinion from a different judge. Class members must abide by the first court's understanding and application of Rule 23.

If, after concluding that the plaintiff would be an adequate representative of the class, the court denies certification for a reason that would be equally applicable to any later suit—for example, that the supposed victims are too few to justify class litigation, that a common question does not predominate, or that person-specific issues would make class treatment unmanageable—then members of the asserted class are bound by that decision. We have applied this rule of issue preclusion (collateral estoppel) to at least two sequences in which the second suit would have been timely even if the first had never been filed. *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F.3d 763 (7th Cir. 2003); *Thorogood v. Sears, Roebuck & Co.*, 624 F.3d 842, rehearing denied, 627 F.3d 289 (7th Cir. 2010). But if the reason why class certification is denied in the first suit is that the plaintiff was not an appropriate class representative, then there is no basis for binding other members of the putative class, who have yet to receive a judicial decision on the question whether a class is certifiable under Rule 23. So, too, when the original plaintiff

abandons the class, as Park Bank did. The remaining members are entitled to one full and fair opportunity to litigate the question whether a class action is proper.

Although we said above that there is no conflict, and that the different outcomes depend on the rules of issue preclusion rather than a doctrine that knocks out Rule 23 whenever the time to sue has been extended by a tolling rule, the eleventh circuit expressed its decision in *Griffin* more broadly. The first suit in the sequence leading to *Griffin* initially was certified as a class action, but the class was decertified years later when the court recognized that the representative plaintiff was not a member. (The plaintiff had not filed a timely charge of discrimination and therefore could not represent a class of employees in a suit under Title VII of the Civil Rights Act of 1964.) The eleventh circuit concluded that a successive suit that depended on the first's tolling effect could not proceed as a class action. 17 F.3d at 359–60. It did not distinguish between a situation in which class status was denied in the first suit because the plaintiff was not a suitable representative, and a situation in which class status was denied because the other criteria of Rule 23(a) and (b) could not be met. These two situations seem to us different, for the reasons we have given. Perhaps the eleventh circuit would think so too; *Griffin* does not reject that possibility, which the parties apparently did not draw to the court's attention. To the extent that the eleventh circuit may believe that Rule 23 must be set aside when a suit's timeliness depends on a tolling rule, that view cannot be reconciled with the Supreme Court's later decision in *Shady Grove*

*Orthopedic Associates*, which holds that Rule 23 applies to *all* federal civil suits, even if that prevents achieving some other objective that a court thinks valuable. *Griffin* stated that litigation should be brought to an end quickly, while allowing class certification will prolong the process. We don't disparage the value of swift dispute resolution, but that goal is not a reason to disregard Rule 23.

The propriety of class certification in Sawyer's suit has nothing to do with tolling or *American Pipe*, and everything to do with the preclusive effect of the first decision, plus a proper application of Rule 23's criteria. Because Park Bank dismissed its suit before the state judge could decide whether to certify a class, that disposition does not carry any force for any class member other than Park Bank. (Issue preclusion applies only to subjects actually and necessarily decided in the earlier suit. See *Flooring Brokers, Inc. v. Florster Sales, Inc.*, 324 Wis. 2d 186, 202, 781 N.W.2d 248, 251 (Wis. App. 2010); *Restatement (Second) of Judgments* §27 (1982).) It is therefore unnecessary to hold this appeal for the Supreme Court's decision in *Smith v. Bayer Corp.*, cert. granted, 131 S. Ct. 61 (2010) (argued Jan. 18, 2011), which may decide what force to give to a federal court's decision that class litigation would be unmanageable, when a class member asks a state court to reach a different conclusion under state procedures. Our case does not involve any similar problem.

The district court has yet to decide whether a class may be certified under the criteria of Rule 23. That is the

next order of business, now that this interlocutory appeal is over.

 AFFIRMED