COURT OF APPEALS
DECISION
DATED AND FILED

July 1, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP1673**

STATE OF WISCONSIN

Cir. Ct. No.  2023CV209

IN COURT OF APPEALS
DISTRICT III

---

PATRICIA LOWELL HAMMARBACK,

   PLAINTIFF-APPELLANT,

 V.

ESTATE OF BELMAR GUNDERSON,

   DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Pierce County: THOMAS W. CLARK, Judge. *Reversed and cause remanded for further proceedings.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Patricia Hammarback appeals a circuit court order dismissing her civil action against the Estate of Belmar Gunderson ("the Estate"). Hammarback argues that the court erred by determining that it lacked competency to adjudicate the action and that the court also erroneously exercised its discretion by determining that principles of comity required dismissal.   We agree with both of Hammarback's arguments.   Therefore, we reverse and remand for further proceedings.

## BACKGROUND

¶2     In 2019, Belmar Gunderson executed a warranty deed conveying the remainder interest in property located in Pierce County, Wisconsin, to Hammarback.[1]  Hammarback and Gunderson executed a supplemental agreement the following year.   Under the terms of the deed and supplemental agreement, Gunderson retained a life interest in the property that required Gunderson to "pay all taxes, assessments, repairs, and … maintain all structures in good condition … and carry insurance fully insuring the structures and premises during her natural life."   Hammarback executed a note and mortgage for $400,000 and alleges that she still owes $190,000 on that note.

¶3     On May 15, 2023, Gunderson died while domiciled in Florida.   On June 23, 2023, Margaret Hoyt filed a petition for the administration of the Estate in Florida and was appointed personal representative of the Estate.   While the Florida probate action was pending, Hammarback filed an action in Wisconsin for special administration of the Estate ("the first Wisconsin action").   Hammarback

---

[1]  In its brief, the Estate characterizes this transaction as a "contract for deed."

also filed a claim against the Estate in the first Wisconsin action. The first Wisconsin action was terminated in October 2023.

¶4 On November 2, 2023, the Florida probate court entered an order directing that "[a]ll claims in the Estate of Belmar Gunderson, wherever they reside, should be filed in this, the Florida domiciliary estate." On November 28, 2023, Hammarback filed a claim in the Florida probate court alleging that Gunderson had breached the terms of the deed and supplemental agreement, resulting in damages totaling $278,231.74. On December 8, 2023, Hoyt filed an objection to Hammarback's claim. Hoyt's objection stated that Hammarback had "thirty (30) days … within which to bring an action on the claim, as provided by FLORIDA PROBATE RULE 5.496 and FLA. STAT. § 733.705."

¶5 On December 15, 2023, Hammarback filed the complaint, in Wisconsin, that gives rise to this appeal. Therein, Hammarback alleged that Gunderson had breached the terms of the deed and supplemental agreement by "fail[ing] to pay for repairs on the Property and fail[ing] to maintain all structures in good condition." The complaint set forth the same deficiencies that Hammarback identified in her Florida probate claim and alleged the same amount of damages. Hammarback sought to have the money judgment offset against the $190,000 still owed on the note and mortgage. Hammarback also sought a declaratory judgment "that the Note is paid in full, and that the mortgage is thereby satisfied and released."

¶6 The Estate moved to dismiss Hammarback's complaint, arguing that the circuit court did "not have subject matter jurisdiction or competency to hear [Hammarback's] claims" and that "[p]rinciples of judicial comity indicate the motion to dismiss should be granted to further the orderly administration of

3

justice." Following a hearing, the court orally granted the Estate's motion to dismiss. The court explained that although it had subject matter jurisdiction to hear a probate case, it lacked competency to hear this particular case. The court further concluded that principles of comity required dismissal. The court entered its written order on July 9, 2024. Hammarback appeals.

## DISCUSSION

¶7 Hammarback argues that the circuit court's decision to grant the Estate's motion to dismiss was based on legal errors regarding Florida and Wisconsin probate law. Absent these errors, Hammarback argues that the court should have determined that it was competent to adjudicate Hammarback's action and that principles of comity did not require dismissal.

### I. Competency

¶8 Under article VII, section 8 of the Wisconsin Constitution, "[e]xcept as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state." WIS. CONST. art. VII, § 8. Our supreme court has "recognized, however, that a circuit court's ability to exercise the subject matter jurisdiction vested in it by the constitution may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction in individual cases." *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶9, 273 Wis. 2d 76, 681 N.W.2d 190. Accordingly, "a failure to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction may result in a loss of the circuit court's competency to adjudicate the particular case before the court." *Id.* "Whether a circuit court has lost competency is a question of law that we review independently." *Id.*, ¶7.

¶9    In its brief in support of its motion to dismiss, the Estate argued that WIS. STAT. § 859.02 (2023-24)[2] "specifically bars … all claims against an estate if not filed timely as part of estate administration." The Estate further argued that in order to comply with Wisconsin law, Hammarback's "claims would need to be filed against the estate as part of the estate administration," which was pending in Florida. Because Hammarback had "previously tried to file a special administration in Wisconsin and was court-ordered by the Florida Probate judge that this was not proper," the Estate argued that Hammarback's second Wisconsin action was "another attempt to circumvent this rule." Accordingly, the Estate contended that "by application of the statutory restrictions under … § 859.02[,] … this Court is not competent to entertain this matter."

¶10    The circuit court agreed with the Estate's argument that it lacked competency to adjudicate the dispute. Specifically, the court concluded that the Florida probate court "has ordered that all claims in the matter be filed in the Florida court. Wisconsin law under [WIS. STAT.] § 859.02 requires [Hammarback's] claim … to be filed in a court exercising probate jurisdiction. In this case, that is the Florida court."

¶11    Hammarback contends that she did in fact comply with the Florida probate court's order when she filed her claim as part of the Florida probate action. Hammarback further argues that the Wisconsin complaint that gives rise to this appeal is an appropriate next step under Florida probate law.

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

¶12    The parties agree that there are three procedural steps to address a claim against an estate under Florida probate law. First, an initial claim against an estate must be made in a probate proceeding. *See* FLA. STAT. § 733.702(1) (2024).[3] Second, the personal representative of the estate has 30 days to file an objection to the claim. *See* FLA. STAT. § 733.705(2). Third, if there is an objection, the claimant then has 30 days to file an independent action on the claim. *See* § 733.705(5).

¶13    The parties also agree that the first two steps were completed in accordance with Florida probate law. The parties' disagreement centers on the third step. Specifically, the parties disagree about whether the Wisconsin complaint that gives rise to this appeal was a properly filed independent action in accordance with FLA. STAT. § 733.705(5).

¶14    When the Estate filed its objection to Hammarback's claim in the probate action, the Estate notified Hammarback that she had 30 days "within which to bring an action on the claim, as provided by FLORIDA PROBATE RULE 5.496 and [FLA. STAT.] § 733.705."[4] In turn, § 733.705 provides,

> The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim, or a declaratory action to establish the validity and amount of an unmatured claim which is not yet due but which is certain to become due in the future, or a declaratory action to establish the validity of

_____

[3] The parties base all of their arguments on the text of the 2024 version of the relevant Florida statutes. However, both parties' arguments rely on decisions interpreting prior versions of FLA. STAT. § 733.705, dating as far back as 1977. Neither party has addressed whether there have been any statutory changes that would affect our evaluation of their arguments.

[4] Neither party has addressed FLORIDA PROBATE RULE 5.496. We therefore assume that the issue in this appeal can be decided under FLA. STAT. § 733.705.

a contingent claim upon which no cause of action has accrued on the date of service of an objection and that may or may not become due in the future, unless an extension of this time is agreed to by the personal representative in writing before it expires.

*Id.*

¶15 Hammarback argues that the complaint that gives rise to this appeal is an independent action under FLA. STAT. § 733.705(5), and that Florida probate law permits an independent action to be brought outside of Florida. *See Poulsen v. First Nat'l Bank*, 407 So. 2d 338, 339-40 (Fla. Dist. Ct. App. 1981); *Dimick v. Estate of Barry*, 787 So. 2d 198, 202 (Fla. Dist. Ct. App. 2001). Hammarback also contends that Florida law "does not allow the merits of the claim to be litigated in the Florida probate proceeding." The Estate focuses on this last contention, arguing that Hammarback could have filed her independent action in Florida probate court. Even if the Estate were correct that Hammarback could have filed her independent action in the Florida probate court, the Estate has not established that § 733.705(5) required Hammarback to file her independent action in that court.

¶16 On the contrary, in *Poulsen*, the Florida Court of Appeal, Fourth District stated that "nothing in [FLA. STAT. § 733.705] requires that the independent action be filed in the geographical limits of the State of Florida." *Poulsen*, 407 So. 2d at 339-40. The Estate does not make any argument that this statement in *Poulsen* is incorrect or otherwise inapplicable to Hammarback's independent action under § 733.705. Instead, the Estate argues that "there will occasionally be claims that must be filed in other jurisdictions due to a lack of personal jurisdiction in Florida," citing *Sampson Farm Ltd. Partnership. v. Parmenter*, 238 So. 3d 387, 390 (Fla. Dist. Ct. App. 2018), but this is not one of

7

them. *Sampson* is an example of a situation in which a claimant would be *required* to file in another jurisdiction. However, nothing in *Sampson* indicates that an independent action can *only* be filed outside of Florida when personal jurisdiction in Florida is absent, nor does it address whether, under some circumstances, an independent action must be brought in Florida. Thus, the Estate has not established that Florida law prohibits Hammarback from filing her independent action in Wisconsin.

¶17 Turning to the circuit court's alleged error in applying Wisconsin law, Hammarback contends that the court erred by concluding that WIS. STAT. § 859.02 applies to Hammarback's independent action. This statutory provision states that "all claims against a decedent's estate … are barred against the estate, the personal representative and the heirs and beneficiaries of the decedent unless filed on or before the date set under [WIS. STAT. §] 859.01." Sec. 859.02. In turn, § 859.01 provides that, "[w]hen an application for administration is filed, the court, or the probate registrar under informal administration proceedings, shall by order set a date as the deadline for filing a claim against the decedent's estate." Hammarback contends that these two provisions must be read together, so that the bar in § 859.02 only applies if an application for administration has been filed in Wisconsin and the Wisconsin circuit court has set a deadline for filing claims. Here, there is no pending Wisconsin probate proceeding, so Hammarback argues that "[w]ithout a claims deadline established under § 859.01, the bar set forth in § 859.02 can never apply."

¶18 The Estate argues that WIS. STAT. § 859.02 bars Hammarback's complaint because "[l]ogic dictates that 'a claim against a decedent's estate' cannot be timely filed in a Wisconsin court with probate jurisdiction if no such action is pending." The Estate further argues that because "the Florida domiciliary

estate is primary," Hammarback's claim requires "at a minimum … some type of ancillary Wisconsin probate proceeding … to prevent … § 859.02 from barring the claim."

¶19     Neither party identifies authority to support their proposed interpretation of WIS. STAT. § 859.02.     However, the Estate's proposed interpretation requires us to read additional language into the statute—namely, that the bar in § 859.02 applies unless there is a pending Wisconsin probate action *and* the claim is timely.  If the legislature intended for § 859.02 to operate as more than a time bar in situations where a deadline has already been set, the legislature could have so stated.  *See **Dawson v. Town of Jackson***, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316 ("We decline to read into the statute words the legislature did not see fit to write").  Instead, we agree that Hammarback's reading of the statute is the most logical: if there is no Wisconsin probate proceeding, there can be no deadline set under WIS. STAT. § 859.01, and thus the time bar in § 859.02 does not apply.

¶20     In conclusion, the Estate has not identified any Florida or Wisconsin authority that prohibits Hammarback from filing an independent action in Wisconsin pursuant to FLA. STAT. § 733.705(5).  Because the Estate has not identified any statutory mandate that implicates the Wisconsin circuit court's competency, *see **Mikrut***, 273 Wis. 2d 76, ¶¶9-10, we conclude that the court, here, erred by dismissing Hammarback's complaint for a lack of competency.

**II.  Principles of Comity**

¶21     The circuit court also relied upon "principles of comity" as a second basis for dismissing Hammarback's complaint.  According to "the traditional doctrine of comity, … courts will as a matter of discretion rather than obligation

defer to the assertion of jurisdiction … of other states or sovereigns out of mutual respect, and for the purpose of furthering the orderly administration of justice." *Teague v. Bad River Band*, 2000 WI 79, ¶35, 236 Wis. 2d 384, 612 N.W.2d 709.

¶22    We review a circuit court's determination that principles of comity require dismissal for an erroneous exercise of discretion. *Hennessy v. Wells Fargo Bank, N.A.*, 2022 WI 2, ¶¶40-44, 400 Wis. 2d 50, 968 N.W.2d 684. A court erroneously exercises its discretion when it makes an error of law or fails to base its decision on the record facts. *Barricade Flasher Servs., Inc. v. Wind Lake Auto Parts, Inc.*, 2011 WI App 162, ¶5, 338 Wis. 2d 144, 807 N.W.2d 697.

¶23    Here, the circuit court concluded that "comity requires that the Court defer to the jurisdiction of the Florida courts over this claim."[5]  On its face, this statement is incorrect because comity is "a matter of discretion rather than obligation." *See Teague*, 236 Wis. 2d 384, ¶35. Nonetheless, assuming that the circuit court's conclusion reflects an exercise of discretion, the Estate argues that dismissal is consistent with our supreme court's statement that "[o]rdinarily, a court should not exercise jurisdiction over subject matter over which another court of competent jurisdiction has commenced to exercise it." *Sheridan v. Sheridan*,

---

[5] Because the circuit court did not explain its reasoning for this aspect of its decision, we cannot determine whether the court was referring to the initial claim that Hammarback had properly filed in probate court or whether the court was referring to Hammarback's independent action pursuant to FLA. STAT. § 733.705(5). For the purpose of this appeal, we will assume that the court was referring to the independent action.

If, instead, the circuit court was referring to the Florida probate court's jurisdiction over Hammarback's initial claim, the court erred by concluding that jurisdiction over a properly filed probate claim is the equivalent of jurisdiction over an independent action that had not yet been filed. *See Garland v. Barnes*, 372 So. 2d 128, 129 (Fla. Dist. Ct. App. 1979) (describing an independent action as "a separate action upon a claim against an estate" that "allows pleadings and responses sufficient to set the issues before the court" (citation omitted)).

65 Wis. 2d 504, 510, 223 N.W.2d 557 (1974) (citation omitted). The parties' dispute over whether the Florida probate court can exercise jurisdiction over Hammarback's independent action is relevant to determining whether the general rule in *Sheridan* applies.

¶24 Hammarback argues that an independent action under FLA. STAT. § 733.705(5) "requires the filing of a separate action upon a claim against an estate to which an objection has been filed." *See Garland v. Barnes*, 372 So. 2d 128, 129 (Fla. Dist. Ct. App. 1979) (citation omitted). Hammarback further contends that she was required to file this independent action outside of the Florida probate court because that court is unable to hear the merits of the independent action she sought to bring.

¶25 The Estate contends that by exercising probate jurisdiction, the Florida probate court necessarily has jurisdiction over independent actions as well. Citing *Northern Trust Co. v. Abbott*, 313 So. 3d 792, 797 (Fla. Dist. Ct. App. 2021), the Estate argues that the Florida probate court "acts as a clearinghouse to determine if the initial claim is timely, legally sufficient, or in fact requires an independent action." If the Florida probate court determines that it is unable to reach the merits of the claim, the probate court can direct or transfer the matter to a sister court. *See, e.g.*, *West v. West*, 126 So. 3d 437, 439 (Fla. Dist. Ct. App. 2013); *Grossman v. Selewacz*, 407 So. 2d 728, 730 (Fla. Dist. Ct. App. 1982).

¶26 We conclude that the decisions cited by the Estate do not support its argument that Hammarback was required to file her independent action in the Florida probate court. The issue in *Northern Trust* was whether a probate court's denial of a motion to strike a claim was a final order for the purpose of appeal. *See Northern Trust*, 313 So. 3d at 795. After concluding that dismissal of the

appeal was appropriate, the Florida Court of Appeal, Second District "address[ed] the parties' arguments related to the scope of the probate court's jurisdiction when faced with both an objection, which results in the filing of an independent action in *circuit court*, and a motion to strike a statement of claim." *Id.* at 797 (emphasis added). The court explained that "[a] motion to strike tests the facial sufficiency of the statement of claim, whereas the objection—which requires the claimant to file an independent action—relates to the validity or merits of a facially sufficient claim." *Id.* The court concluded that when faced with a motion to strike and an objection, "the probate court must first determine the facial sufficiency of the claim before the parties litigate the subject matter of the claim in circuit court." *Id.*

¶27 Here, there is no dispute that the Estate filed an objection to Hammarback's claim, not a motion to strike the statement of claim. Thus, *Northern Trust* indicates that the proper procedure is for Hammarback to file "an independent civil action, not part of the probate proceeding," as Hammarback argues.

¶28 We also do not see anything in *West* that supports the Estate's argument that Hammarback was required to file her independent action in the Florida probate court. On the contrary, *West* involved an order of the probate court that dismissed a claimant's adversary proceeding because it should have been filed as an independent action in civil court. *See West*, 126 So. 3d at 438. The Florida Court of Appeal, Fourth District reversed, concluding that rather than dismissing the incorrectly filed action altogether, the probate court should have transferred the independent action to the circuit court. *Id.* at 438-39. Thus, on its

face, *West* also supports Hammarback's argument that the proper procedure is to file "an independent civil action, not part of the probate proceeding."[6]

¶29 Finally, the Estate cites *Grossman* for the proposition that a "complaint filed in the civil division which should have been filed in probate division should not be dismissed." *See Grossman*, 417 So. 2d at 730. Instead, "cases filed in the wrong division should be transferred to the proper division." *Id.* *Grossman* does not involve an independent action under FLA. STAT. § 733.705(5), nor has the Estate developed any argument as to how *Grossman* relates to its contention that Hammarback should have filed her independent action in Florida probate court.

¶30 At best, the Florida decisions cited by the Estate establish that if Hammarback had *mistakenly* filed her independent action in Florida probate court, the probate court could transfer it to a circuit court. But the Estate has not established that the Florida probate court was required to, or even permitted to adjudicate Hammarback's independent action.[7] Thus, there is no basis to conclude that the Florida probate court is a court of competent jurisdiction. *See Sheridan*,

---

[6] The decision in *West* also refers to a 2008 administrative order issued by the chief judge of the fifteenth circuit, "which declared that 'independent actions' be filed in the civil division." *West v. West*, 126 So. 3d 437, 438 (Fla. Dist. Ct. App. 2013). Neither party has addressed the significance of this declaration, so we have no basis to evaluate whether the administrative order interprets what FLA. STAT. § 733.705(5) already requires or whether the order was the sole basis for the probate court's determination that the independent action was improperly filed in probate court. Similarly, neither party addresses whether there is a current administrative order that applies to Hammarback's independent action.

[7] The Estate also cites FLA. STAT. § 733.705(10) for the proposition that a probate court "may … determine all issues concerning claims or matters not requiring trial by jury." The Estate has not developed any argument to establish that this statutory provision applies to independent actions under § 733.705(5). Moreover, such an interpretation of § 733.705(10) would be inconsistent with *Northern Trust Co. v. Abbott*, 313 So. 3d 792, 797 (Fla. Dist. Ct. App. 2021), and *West*, which both held that the Florida probate court was not the proper forum for an independent action.

605 Wis. 2d at 510. As a result, our supreme court's general rule regarding comity does not apply.

¶31 We therefore conclude that the circuit court mistakenly viewed and applied the law governing principles of comity to the circumstances of this case. Accordingly, the court erroneously exercised its discretion when it determined that principles of comity required dismissal of Hammarback's independent action.

## III. Issue Preclusion

¶32 Alternatively, the Estate argues that we could affirm the circuit court's order under the doctrine of issue preclusion. Specifically, the Estate argues that the October 2023 dismissal of Hammarback's first Wisconsin action amounted to a determination that Florida had "exclusive venue."

¶33 Issue preclusion is "designed to limit the re-litigation of issues that have been contested in a previous action between the same or different parties." *Randall v. Felt*, 2002 WI App 157, ¶9, 256 Wis. 2d 563, 647 N.W.2d 373 (citation omitted). "A threshold prerequisite for application of the doctrine, however, is that in order to be precluded from 'relitigating' an issue, a party must have 'actually litigated' it previously." *Id.* (citation omitted). "An issue is 'actually litigated' when it is 'properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined.'" *Id.* (citation omitted).

¶34 Hammarback first argues that we should not address the Estate's issue preclusion argument because it was not raised in the circuit court. She contends that issue preclusion requires factfinding, *see Finch v. Southside Lincoln-Mercury, Inc.*, 2004 WI App 110, ¶43, 274 Wis. 2d 719, 685 N.W.2d 154, as well as a discretionary determination regarding "fundamental fairness."

14

*See Flooring Brokers, Inc. v. Florstar Sales, Inc.*, 2010 WI App 40, ¶¶6-9, 324 Wis. 2d 196, 781 N.W.2d 248. Hammarback argues that because there is no factfinding or fundamental fairness determination for us to review, we are foreclosed from evaluating the Estate's issue preclusion argument.

¶35 We disagree because "we will usually permit a respondent to employ any theory or argument on appeal that will allow us to affirm the [circuit] court's order, even if not previously raised." *See Finch,* 274 Wis. 2d 719, ¶42 Here, however, we agree with Hammarback's alternative argument that issue preclusion simply does not apply. Hammarback's earlier Wisconsin action was not an independent action pursuant to FLA. STAT. § 733.705(5), and Hammarback's independent action could only arise after Hammarback had filed a claim in Florida probate court and after the Estate objected to that claim. Both of these steps occurred after the dismissal of Hammarback's first Wisconsin action. Thus, the issues raised in Hammarback's independent action have never been actually litigated.

¶36 Moreover, even if the Estate were correct that issue preclusion applies to a venue determination, the Estate has not identified any record facts or authority to support its argument that the parties actually litigated in the first Wisconsin action whether Florida had "exclusive venue." Thus, we see no basis for applying the doctrine of issue preclusion.

## IV. Claims for Relief

¶37 Having concluded that the circuit court erred by dismissing Hammarback's complaint, we now turn to the Estate's argument that the relief requested in Hammarback's complaint goes beyond the scope of an independent action under FLA. STAT. § 733.705(5). Specifically, the complaint asks the court

15

to offset Hammarback's damages against the $190,000 that Hammarback owes under the note and mortgage and also to issue a declaratory judgment that the note and mortgage have been paid in full. We begin by noting that § 733.705(5) expressly permits a claimant to bring an independent action for a declaratory judgment.

¶38 Regarding offset, the Estate argues that "[t]he unpaid $190,000 Hammarback owes to the … estate is an asset of the estate," and "only the probate court has authority to determine if and how this estate asset should be used to pay creditors." *See **Lefkowitz v. Schwartz**, 299 So. 3d 549, 554 (Fla. Dist. Ct. App. 2020). The decision in **Lefkowitz** refers to an order "approving execution or other process to be levied against property of the estate." ***Id.*** In contrast, offset is a "common law bar to over-recovery." **McFarland State Bank v. Sherry**, 2012 WI App 4, ¶31, 338 Wis. 2d 462, 809 N.W.2d 58 (2011). This bar stems from "the common law rule that a creditor is not allowed a total recovery … that is more than the total debt that is due." ***Id.***, ¶21. The Estate has not developed any argument to establish that the common law rule of offset is the equivalent of "execution or other process."

¶39 At any rate, Hammarback has conceded that "issues of enforcement of a valid judgment against estate property would necessarily fall to the Florida probate court." We therefore see no basis for the Estate's argument that Hammarback's complaint is not consistent with an independent action.

## CONCLUSION

¶40 For the foregoing reasons, we conclude that the circuit court erred by dismissing Hammarback's complaint. We therefore remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.