STATE EX REL. CARL, Petitioner, V. CHARLES, Circuit Judge, 15th Judicial Circuit, State of Wisconsin, Respondent.

*No. 75–367. Submitted on briefs December 2, 1975.—Decided January 6, 1976.*
(Also reported in 237 N. W. 2d 29.)

For the petitioner there were briefs by *Arthur De Bardeleben* and *Daniel F. Snyder* of Park Falls.

For the respondent there was a brief by *Boardman, Suhr, Curry & Field* of Madison.

BEILFUSS, J.   The basic issue is whether Carl's action against Dairyland is an action on a contract, or an action arising out of an automobile accident and a negligence

action. Briefly stated, the trial court held that Carl had waived his right to arbitration by commencing his action for damages based upon the alleged negligence of Kraft and that, although the action alleged a contract violation, the action was in essence an action growing out of an automobile accident and therefore under the applicable statutes. Dodge, not Ashland county, was the proper place for trial.

Sec. 261.02, Stats., gives the plaintiff the choice of designating the place of trial. However, if the county chosen by the plaintiff is not a proper county as proscribed by sec. 261.01, the defendant may demand, by virtue of sec. 261.03, that venue be changed to a proper county as a matter of right.

As the trial court acknowledged in its memorandum opinion, if the action is one for a breach of the insurance contract, Ashland county was a proper place of trial by virtue of sec. 261.01 (5), Stats., which provides, in part, as follows:

"AGAINST INSURANCE COMPANIES. Of an action against an insurance company, to recover on a policy of insurance, the county in which the defendant has its principal office or in which the plaintiff resides . . . ."

The same section, 261.01 (5), Stats., goes on to provide:

". . . in the event an insurance company is sued or made a party to an action growing out of the negligent operation of a motor vehicle, the proper place of trial shall be in the county where the cause of action arose or where the person or persons, covered by an insurance policy by reason of which such insurance company is sued or made a party to said action, resides."

Under either of the situations contemplated by this statute, Ashland is a proper place of trial because the person covered by the insurance policy resides in Ashland county.

The trial court reasoned that Carl's cause of action rested in the first instance upon his claim that Dairyland refused to arbitrate, that the statutory ch. 298 was the exclusive remedy for failure to arbitrate, and that Carl waived the right to proceed on a contract because of his failure to comply with the arbitration statute.

We agree that when a contract provides for arbitration the statute provides the exclusive remedy for failure to arbitrate. We also agree that Carl did not follow the statute and this failure constituted a waiver of the benefits of the arbitration clause of the contract.[1]

Sec. 298.03, Stats., provides that a party aggrieved by an alleged failure to arbitrate may apply for a court order directing that arbitration proceed in accordance with the contract.[2]

In this instance Carl alleges a failure to arbitrate pursuant to the terms of the policy but he has not sought a court order directing Dairyland to arbitrate. Dairyland denies it failed to arbitrate but it has not asked for a stay of the action to permit arbitration, as provided by sec. 298.02, Stats.[3] Instead, it answers on the

[1] *See: Schramm v. Dotz* (1964), 23 Wis. 2d 678, 127 N. W. 2d 779.

[2] "**298.03 Court order to arbitrate; procedure.** The party aggrieved by the alleged failure, neglect or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties or of the property for an order directing that such arbitration proceed as provided for in such agreement. . . ."

[3] "**298.02 Stay of action to permit arbitration.** If any suit for proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the ap-

merits and asks for a dismissal of Carl's action. Both parties have failed to comply with the provisions of ch. 298 and have therefore waived the right to arbitration.

The trial court concluded that because the parties waived the arbitration clause the action was no longer a contract action on an insurance policy; that sec. 261.01 (5), Stats., dealing with actions on insurance policies no longer applied and what was left was an automobile accident involving an uninsured motorist, and pursuant to sec. 261.01 (11)[4] the case was properly triable in the county where the accident occurred, namely, Dodge county.

We do not agree that the action ceased to be a contract action on an insurance policy because of a waiver of the arbitration clause. The arbitration clause is only one of the provisions of the policy dealing with the uninsured motorist protection. The arbitration clause provides for a procedure to settle the claim of the insured. When this procedure is waived the principal contract right is still at issue, and is the primary contract right the insured seeks to enforce.

In *Sahloff v. Western Casualty & Surety Co.* (1969), 45 Wis. 2d 60, 70, 171 N. W. 2d 914, we stated:

"In settling a claim under the endorsement, the insurer does not represent the uninsured motorist but rather itself on its own contract against its own insured who has paid a premium for this indemnity feature in his liability policy. It is neither necessary under the coverage nor desirable public policy to place the indemnity insurer in exactly the same position of a liability insurer of an uninsured motorist. Consequently the claim against the insurer on the endorsement should be and is treated

plicant for the stay is not in default in proceeding with such arbitration."

[4] "AUTO ACCIDENT ACTIONS. Of an action growing out of the negligent operation of a motor vehicle, the county in which the cause of action arose or where the defendant resides."

differently than the cause of action the insured has against the uninsured motorist.

"We are not sympathetic with the argument that because the plaintiff's claim against his insurer is founded upon the negligent tort of the uninsured motorist it should be governed by the same considerations as an action for negligence. This is another phase of the argument that the insurer stands in the shoes of the uninsured motorist and therefore should have all his rights. The insurer has not so contracted in the uninsured motorist endorsement. We think it clear the action by an insured against his insurer under the uninsured motorist endorsement is an action on the policy and sounds in contract although in order to recover the insured must prove the negligence of an uninsured motorist."

We conclude Carl's action against Dairyland is primarily for an alleged breach of the insurance contract even though a major portion of the proof at trial may deal with the automobile accident features of the case. This being an action on an insurance contract, Ashland county, because of plaintiff's residence there, is a proper place for trial. The order directing the action to be sent to Dodge county should be reversed.

While Dairyland is not entitled to a change of venue as a matter of right, this does not preclude the trial court from considering, in the sound exercise of its discretion, that Dodge county is an appropriate place of trial under sec. 261.04 (2), Stats. This subsection, which is the statutory embodiment of the common-law doctrine of *forum non conveniens,* provides as follows:

"261.04 **Change of venue, grounds for.** The court or the presiding judge thereof may change the place of trial in the following cases:

". . .

"(2) When the convenience of witnesses and the ends of justice would be promoted."

This case is especially appropriate for consideration of a discretionary change of venue because plain-

tiff's recovery will depend upon proof that the Dodge county accident was caused by the negligence of the uninsured motorist Kraft. Dairyland has asked for such discretionary change of venue at every stage of these proceedings and so it cannot be said it has waived its right to such a transfer. In his memorandum opinion, the trial judge stated that he could have buttressed his opinion by relying upon sec. 261.04 (2), Stats. However, he expressly decided not to do so in order to give the petitioner an "unfettered opportunity" for a review of whether Dairyland was entitled to a change of venue as a matter of right. We take this as a reservation of the trial judge's power to exercise his discretion in this matter, a power which he may exercise after remand of this case.

Dairyland urges this court to exercise its own discretion and decide that the convenience of witnesses and the ends of justice will be promoted by transferring this case to Dodge county. The function of this court is not to exercise discretion in the first instance, but to review the exercise of discretion by the trial courts. We therefore decline Dairyland's invitation to do that which is properly the function of trial courts.

*By the Court.*—Upon the writ of certiorari we declare the order transferring the venue of the action of *Mark J. Carl, Sr. v. Dairyland Insurance Co.* from Ashland county to Dodge county to be erroneous and reverse the same. The motion to change venue based upon sec. 261.04 (2), Stats., is remanded to the circuit court for Ashland county for further consideration.