STATE EX REL. DEPARTMENT OF HEALTH & SOCIAL SER-
VICES, Petitioner, v. CIRCUIT COURT FOR DANE COUN-
TY, BRANCH 2, Respondent.

*No. 75-583. Decided February 3, 1976.*
(Also reported in 237 N. W. 2d 692.)

For the petitioner: *Bronson C. La Follette,* attorney general, and *James H. Peterson,* assistant attorney general, both of Madison.

For the respondent: *George R. Rice,* deputy corporation counsel for Milwaukee county.

WILKIE, C. J.  A declaratory judgment action was brought in the circuit court for Dane county by the Department of Health & Social Services against the sheriff of Milwaukee county and Milwaukee county. The complaint sought declaratory and injunctional relief from the practice of the sheriff and the county of releasing from the county jails persons on parole or probation who have a hearing pending to revoke their parole or probation. The sheriff has allegedly been releasing dangerous individuals who then abscond. The sheriff admitted that he has been releasing temporary detainees but denied that they have been dangerous felons and relied upon the serious overcrowding of the county jail as the main reason for these releases.

On September 22, 1975, the defendants made a demand for a change of venue as a matter of right under sec. 261.03, Stats., and then, when the plaintiff failed to consent to this change, made a motion for a change of venue on October 7, 1975. The change of venue was sought on the ground that Dane county was an improper county for venue of this action and that Milwaukee county was a proper place of trial under sec. 261.01 (2), which provides that the proper place of trial for an action against a public officer for an act done by him in his official capacity is the county where the cause of action

arose. The trial court granted this change of venue as a matter of right and ordered the case transferred on November 17, 1975. This court granted certiorari to review the trial court's determination.

The issue in this case is clear: Was Dane county an *improper* place of trial so that the defendants were entitled to a change of venue to a proper county under sec. 261.03, Stats., as a matter of right?

Sec. 261.02, Stats., gives the plaintiff the choice of designating the place of trial. However, if the county chosen is not a "proper" county for trial, within the meaning of sec. 261.01 which establishes "proper" places of trial in civil cases, then the defendants may demand, under sec. 261.03, a change of venue to a "proper" county as a matter of right. Yet a change of venue as a matter of right cannot be granted when the action is already venued in a "proper" county. Thus, if Dane county is a "proper" place of trial, the defendants in this case were not entitled to a change of venue as a matter of right.

Dane county is a proper place for trial of this action. Sec. 261.01 (8), Stats., provides that the proper place of trial of an action by the state against any county or county officer is "any county." This is obviously an action by the state against a county and a county officer. The complaint states that the Department of Health & Social Services is bringing suit in its capacity as a department of the state of Wisconsin and that it is moved to do so because of its responsibility to administer the state statutes regarding revocation of parole and probation. The defendants are Milwaukee county and the sheriff of that county. Sec. 261.01 (8) is clearly applicable, and this makes Dane county a "proper" place of trial. The defendants were, therefore, not entitled to a change of venue as a matter of right, and the trial court acted contrary to law in granting this transfer.

It is also apparent from the record that the trial court recognized that Dane county was a proper place of trial.

The trial court stated it was assuming as a part of its ruling that the Department of Health & Social Services was acting as and for the state in this action. The trial court also stated it was assuming that under sec. 261.01 (8), Stats., the plaintiff could bring the action in any county but it concluded that under sec. 261.01 (2) the defendants could move it to Milwaukee county, where the cause of action arose. This is a misunderstanding of the law. Once an action is venued in a proper county, the defendants cannot, as a matter of right, secure a change of venue to another proper county. They can only secure such a transfer if the action is originally venued in an improper county.

The granting of a change of venue as a matter of right should not be confused with a discretionary change of venue under sec. 261.04, Stats. Here the trial court seems to have decided that, even if Dane county was an appropriate place of trial, Milwaukee county was a better place of trial because, after all, that was the locus of the controversy and the place where the key witnesses, such as the sheriff, were located. But the proper procedure under these circumstances is not a change of venue as a matter of right but a discretionary change of venue under sec. 261.04 (2) which provides that the place of trial "may" be changed if the "convenience of witnesses and the ends of justice" are thereby promoted.[1]

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion. No costs assessed on these proceedings.

---

[1] *State ex rel. Carl v. Charles,* ante, p. 85, 237 N. W. 2d 29.