Thomas W. SCHOLL and Smith Realty Company, Inc.,
Petitioners-Respondents,

v.

John LUNDBERG, Respondent-Appellant.

Court of Appeals

*No.  92–0865.  Submitted on briefs March 4, 1993.—Decided
July 7, 1993.*

(Also reported in 504 N.W.2d 115.)

259

For the defendant-appellant the cause was submitted on the briefs of *Dan Conley* of *Quarles & Brady*, of Milwaukee.

For the plaintiffs-respondents the cause was submitted on the briefs of *William F. Scholl* of Elm Grove.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. John Lundberg appeals from a judgment confirming an arbitration award in favor of Thomas W. Scholl and Smith Realty Co., Inc. (collectively, Scholl). Lundberg did not participate in the arbitration proceedings because he contended that there was no enforceable agreement to arbitrate the underlying dispute. In this appeal, the issue is not whether the underlying dispute was the subject of arbitration; rather, it is whether Lundberg waived his right to raise the issue by not appearing and objecting at the arbitration hearing. The circuit court held that by failing to appear and object to the arbitrator's jurisdiction

261

at the hearing, Lundberg waived his right to raise the issue. Because this is an incorrect interpretation of the law, we reverse the judgment and remand the case.

In the underlying dispute, Scholl sought to share in a broker's commission earned on the sale of a motel property located in Colorado. Scholl based his claim on the rules and regulations of the Hotel and Motel Brokers of America (brokers association) of which he is a member and to which Lundberg belonged until ten weeks before the closing of the sale. The membership agreement of the brokers association also provided that all disputes between members would be submitted to arbitration. Throughout the proceedings, Lundberg took the position that he was not required to arbitrate the dispute because he resigned from membership before the closing occurred or the claim to the commission was made.

The arbitrator held a hearing without Lundberg's participation and awarded Scholl $45,487.50. Scholl filed an application for confirmation of the award pursuant to sec. 788.09, Stats., and Lundberg filed a motion to vacate the award under sec. 788.10, Stats. In a written decision, the circuit court held that the case is controlled by *DePue v. Mastermold, Inc.,* 161 Wis. 2d 697, 468 N.W.2d 750 (Ct. App. 1991). The court applied *DePue* to hold that because Lundberg did not object at the arbitration hearing, he waived his right to object to the arbitrator's lack of jurisdiction. Concluding that it lacked jurisdiction to vacate the award because of the waiver, the court entered judgment on the award.

*DePue* does not require the result reached by the circuit court. There, the circuit court granted a stay to allow for arbitration under the authority of the American Association of Arbitrators (AAA); however, because of notice problems, the defendant did not participate in

the selection of the arbitrator. *Id.* at 699–700, 468 N.W.2d at 750–51. Although the defendant initially filed an objection with the AAA requesting that a new arbitrator be selected, it later participated in the arbitration hearing without renewing its objection. *Id.* at 700–01, 468 N.W.2d at 751. When the plaintiff moved to enforce the arbitrator's award, the defendant, citing the defective selection process, sought to vacate the award pursuant to sec. 788.10, Stats. *Id.* at 701, 468 N.W.2d at 751. This court held that courts have no jurisdiction to vacate an arbitration award unless one of the grounds identified in sec. 788.10 is present.[1] *Id.* at 703, 468 N.W.2d at 752. We concluded that an objection to the selection process must be renewed during the arbitration hearing because, under the AAA's rules, the arbitrator interprets and applies the rules regarding his or her duties and powers. *Id.* at 703–04, 468 N.W.2d at 752. The failure to challenge the application of the rules to the selection procedure before the

---

[1] Section 788.10(1), Stats., provides:

**Vacation of award, rehearing by arbitrators.** (1) In either of the following cases the court in and for the county wherein the award was made must make an order vacating the award upon the application of any party to the arbitration:

(a) Where the award was procured by corruption, fraud or undue means;

(b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them;

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

arbitrator waived further challenge based upon the procedure used. *Id.*

The trial court's reliance upon *DePue* was misplaced because the case is distinguishable from the present case. The defendant in *DePue* participated in the hearing without preserving an objection. By contrast, Luudberg did not participate in the hearing.

■

Additionally, and more significantly, the issue in the present case is not interpretation of the rules governing the arbitration process; rather, it is whether the underlying dispute is even subject to arbitration. An arbitrator's power to make an award is derived from and limited by the contract authorizing or requiring arbitration. *City of Milwaukee v. Milwaukee Police Ass'n.*, 97 Wis. 2d 15, 25, 292 N.W.2d 841, 846 (1980). It is axiomatic that the disputing parties must be bound by a contract to arbitrate before an arbitrator has any authority to act. Unless the parties agree to submit the issue of arbitrability to the arbitrator, this issue is a legal question to be resolved by the courts. *Joint School Dist. No. 10 v. Jefferson Educ. Ass'n,* 78 Wis. 2d 94, 101–02, 253 N.W.2d 536, 540 (1977). Where one who is not a party to the contract to arbitrate refuses to participate in the proceedings, we cannot conclude that the issue was submitted to arbitration.

Neither the statutes nor the courts prescribe the procedure for raising an issue of arbitrability. In *Jefferson Education Ass'n,* the supreme court approved a procedure allowing a party to submit the merits of a dispute to arbitration while preserving the objection to arbitrability for *de novo* judicial review. *Id.* at 106–10, 253 N.W.2d at 542–44. The decision suggests that a party also has the alternatives of seeking an injunction against the arbitration or refraining from participating

in the proceedings. *Id.* at 107, 253 N.W.2d at 543. *DePue* also suggests that the contesting party could refuse to go to arbitration. The adverse party's remedy would be an action to compel arbitration brought under sec. 788.03, Stats. *DePue*, 161 Wis. 2d at 705, 468 N.W.2d at 753.

Lundberg asserts that when he challenged the applicability of the brokers association agreement, Scholl should have filed an action to compel arbitration. Scholl counters that *DePue*'s reference to an action under sec. 788.03, Stats., is dictum. He also argues that sec. 788.03 is not mandatory. He relies on the permissive word "may" in the first line of the statute.[2] This argument must be rejected, however. Whenever a contract provides for arbitration, sec. 788.03 provides the exclusive remedy for failure to arbitrate, and the failure to follow the statutory procedure constitutes a waiver of the arbitration clause. *See State ex rel. Carl v. Charles*, 71 Wis. 2d 85, 90–91, 237 N.W.2d 29, 31–32 (1976) (construing predecessor statute, sec. 298.03, Stats. (1975), which contained substantially identical language).

Consequently, we conclude that a party who does not participate in an arbitration proceeding does not waive his or her right to argue the nonexistence of a contract obligation to submit to arbitration. The issue of arbitrability addresses whether the arbitrator

---

[2] Section 788.03, Stats., in part, provides:

The party aggrieved by the alleged failure, neglect or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties or of the property for an order directing that such arbitration proceed as provided for in such agreement.

exceeded his or her powers, because an arbitrator who purports to act against one not bound to submit to arbitration exceeds the powers that can only be derived from a contractual obligation to submit to arbitration. A party who does not participate in the arbitration proceedings may raise the issue in a motion to vacate the award filed under sec. 788.10(1)(d), Stats.

In addressing the issue raised in this appeal, we have assumed that Lundberg did not participate in the arbitration proceedings and that he consistently voiced his objections to the demand for arbitration. This is consistent with the facts as presented by him. Scholl counters by asserting that Lundberg did not communicate any objection to arbitration directly to him. He also claims that Lundberg participated in the process by asking that the location of the hearing be in Iowa and by appearing and asking for a postponement of the hearing. There has been no evidentiary hearing nor findings of facts on these issues. Therefore, it is premature to consider whether Lundberg may be estopped from claiming that the underlying dispute is not subject to arbitration. *See Pilgrim Inv. Corp. v. Reed,* 156 Wis. 2d 677, 685, 457 N.W.2d 544, 548 (Ct. App. 1990) (partial participation in the arbitration process, without a reservation of rights, can estop a party from challenging the contract to arbitrate). It is also premature for this court to review the issue of whether Lundberg, despite his resignation, remained subject to the brokers association's arbitration requirement. Therefore, we remand the matter to the circuit court for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.