BARRICADE FLASHER SERVICE, INC.,
Plaintiff-Appellant,†

v.

WIND LAKE AUTO PARTS, INC. and Steven J. Heinze,
Defendants-Respondents.

Court of Appeals

*No. 2011AP64. Submitted on briefs September 27, 2011.
—Decided November 16, 2011.*

2011 WI App 162

(Also reported in 807 N.W.2d 697.)

† Petition for Review denied 3/15/12.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Daniel E. Meylink* of *LeBell, Dobroski, Morgan & Meylink LLP*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Matthew R. Falk* of *Falk Metz, LLC*, Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. REILLY, J. Barricade Flasher Service, Inc. appeals from an order dismissing its lawsuit against

Wind Lake Auto Parts, Inc. and Steven J. Heinze (collectively "Wind Lake"). Barricade brought the suit against Wind Lake in Racine County after it failed to name them as defendants in a separate lawsuit that Barricade had initiated in Milwaukee County. The Racine County circuit court dismissed Barricade's lawsuit pursuant to Wis. Stat. § 802.06(2)(a)10. (2009–10)[1] after it found that the "underlying theory of recovery" in the two lawsuits was the same and that both lawsuits dealt with the same factual circumstances. Barricade argues that as Wind Lake was never named in the Milwaukee County lawsuit, the Racine County lawsuit is not the same action. We disagree and affirm the circuit court.

## BACKGROUND

¶ 2. On February 12, 2008, Barricade filed suit in Milwaukee County against Jeffrey E. Bodendorfer Jr. and Sr., alleging theft, fraud, conversion, conspiracy, and breach of fiduciary duty. The Bodendorfers subsequently sought contribution and indemnification from Wind Lake, and thus added them as third party defendants on November 2, 2009. On February 15, 2010, the circuit court set a March 15, 2010 deadline for the parties to amend their pleadings. Two weeks after the deadline, Barricade amended its summons and complaint to add Wind Lake as a defendant. Barricade then filed a motion to extend the deadline to allow it to add Wind Lake. The circuit court denied the motion.

¶ 3. Barricade then filed suit against Wind Lake in Racine County for fraud. Wind Lake filed a motion to dismiss pursuant to Wis. Stat. § 802.06(2)(a)10., which provides that a court may dismiss a lawsuit when there

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

is "[a]nother action pending between the same parties for the same cause."[2] Barricade argued that as it did not sue Wind Lake in Milwaukee County, its lawsuit in Racine County was not the same action. The circuit court rejected this argument, stating that "both the Milwaukee County and the Racine County cases are going to deal with the same factual circumstances and the same parties (whether named or not)." The court also noted that

> Barricade had every opportunity to commence an action against Wind Lake in Milwaukee County and was unable to do so in a timely manner. The Racine County action would cause the parties to essentially litigate the same case in two separate counties. While the relief sought is different, the underlying theory of recovery is not.

¶ 4. Barricade now appeals the dismissal of its complaint against Wind Lake in the Racine County lawsuit.

## STANDARD OF REVIEW

██ ██

¶ 5. Whether dismissal is warranted under WIS. STAT. § 802.06(2)(a)10. is left to the discretion of the circuit court. *See Caulfield v. Caulfield*, 183 Wis. 2d 83,

---

[2] WIS. STAT. § 802.06(2)(a)10. provides:

**(2) How PRESENTED. (a)** Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or 3rd-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . . .

10. Another action pending between the same parties for the same cause.

89, 515 N.W.2d 278 (Ct. App. 1994). A circuit court's discretionary decision will not be reversed unless the court erroneously exercised its discretion. *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶ 8, 282 Wis. 2d 46, 698 N.W.2d 610. A circuit court erroneously exercises its discretion if it makes an error of law or if it fails to base its decision upon the facts in the record. *Steinmann v. Steinmann*, 2008 WI 43, ¶ 20, 309 Wis. 2d 29, 749 N.W.2d 145.

## DISCUSSION

¶ 6.   In *Aon Risk Services, Inc. v. Liebenstein*, 2006 WI App 4, ¶ 1, 289 Wis. 2d 127, 710 N.W.2d 175 (Ct. App. 2005), Aon Risk Services sued Palmer & Cay of Wisconsin, LLC, and Palmer & Cay Holdings, Inc. The circuit court granted summary judgment and dismissed Aon's claims. *Id.* The court also denied Aon's motion for leave to amend its complaint. *Id.*, ¶¶ 1, 41. Aon then filed a new lawsuit against the parent company of the Palmer & Cay entities it already sued. *Id.*, ¶ 41. The allegations raised in this second lawsuit, however, mirrored the allegations in the first lawsuit. *Id.* The circuit court granted summary judgment to the Palmer & Cay parent company and we affirmed. *Id.*, ¶ 2.

¶ 7.   We noted that a new lawsuit "is not an alternate way to amend a complaint . . . . A party may not circumvent a ruling it does not like in one case . . . by filing a new action, *unless the second action is based on claims that could not have been brought in the first action . . . .*" *Id.*, ¶¶ 41–42 (emphasis original). As Aon did not explain why the Palmer & Cay parent company could not have been joined in the first lawsuit or why the claims Aon raised in the second lawsuit could not

have been asserted in the first lawsuit, the circuit court recognized the second lawsuit as an attempt to make an "end-run" around the court's decision to deny Aon's motion for leave to amend its complaint. *Id.*, ¶ 44. Aon's remedy was to appeal the denial of its motion for leave to amend the complaint, not to file a new lawsuit. *Id.*

■

¶ 8.　Barricade argues that its Racine County lawsuit should not have been dismissed because the parties differ from those involved in the Milwaukee County lawsuit. The defendants in the two *Aon* lawsuits, however, differed as well, yet we held that the circuit court properly dismissed the second lawsuit because Aon did not demonstrate how the claims it raised in the second lawsuit could not have been brought in the first lawsuit, or why the defendant in the second lawsuit could not have been named in the first lawsuit. *Id.* Bringing a new action against a different party is not enough to get around Wis. Stat. § 802.06(2)(a)10. As the circuit court noted, the Racine County lawsuit against Wind Lake is based on facts and circumstances that would be brought out in the Milwaukee County lawsuit. There is no basis for Wind Lake to defend itself against two lawsuits stemming from the same claim. Barricade had its chance to add Wind Lake as a party and did not do so. Barricade's only remedy is to appeal the Milwaukee County circuit court's decision to deny Barricade's motion to extend the deadline to amend its complaint. *See Aon*, 289 Wis. 2d 127, ¶ 44.

¶ 9.　We recognize that *Aon* was partially overruled in *Burbank Grease Services, LLC v. Sokolowski*, 2006 WI 103, ¶ 33, 294 Wis. 2d 274, 717 N.W.2d 781. We are also aware "that a court of appeals decision expressly overruled by [the supreme court] no longer

149

retains any precedential value, unless [the supreme court] expressly states that it is leaving portions of the court of appeals decision intact." *Blum v. 1st Auto & Cas. Ins. Co.*, 2010 WI 78, ¶ 56, 326 Wis. 2d 729, 786 N.W.2d 78. While the *Burbank* decision did not abrogate the portion of *Aon* that discussed WIS. STAT. § 802.06(2)(a)10., it also did not state that it was leaving those portions intact. Therefore, while *Aon* is no longer controlling precedent, it remains persuasive precedent. We find *Aon* persuasive and thus adopt the reasoning of the portions of *Aon* discussed above. *See Aon*, 289 Wis. 2d 127, ¶¶ 41–44.

## CONCLUSION

¶ 10.   We affirm the circuit court's order dismissing Barricade's lawsuit against Wind Lake in Racine County.

*By the Court.*—Order affirmed.