[Case No. 2012AP751]

The Payday Loan Store of Wisconsin Inc.,
Plaintiff-Appellant,†

v.

Nicole Krueger,
Defendant-Respondent.

[Case No. 2012AP753]

The Payday Loan Store of Wisconsin Inc.,
Plaintiff-Appellant,†

v.

Van Natta Williams, Sr.,
Defendant-Respondent.

Court of Appeals

*Nos. 2012AP751, No. 2012AP753. Submitted on briefs
January 8, 2013.—Decided January 23, 2013.*

2013 WI App 25

(Also reported in 828 N.W.2d 587.)

† Petition for Review filed.

237

238

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kenneth R. Nowakowski, Lisa M. Lawless* and *Edward J. Heiser, Jr.,* of *Whyte Hirschboeck Dudek, S.C.,* Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *David H. Weber* of *Liebmann, Conway, Olejniczak & Jerry, S.C.,* Green Bay.

Before Hoover, P.J., Mangerson, J., and Thomas Cane, Reserve Judge.

¶ 1. CANE, J. In August 2011, Nicole Krueger and Van Natta Williams, Sr., joined a lawsuit alleging that The Payday Loan Store of Wisconsin, Inc., (PLS) violated the Wisconsin Consumer Act. PLS subsequently filed two separate lawsuits against Krueger and Williams, Sr., asking the circuit courts to compel arbitration of their claims. Both courts dismissed PLS's lawsuits, concluding they were barred by the prior pending action defense, *see* Wis. Stat. § 802.06(2)(a)10.,[1] and PLS should have moved to compel arbitration in the

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

underlying lawsuit. PLS appeals, contending: (1) the prior pending action defense does not apply; and (2) WISCONSIN STAT. § 788.03 gave PLS the right to file separate actions to compel arbitration. We reject PLS's arguments and affirm.

## BACKGROUND

¶ 2. In February 2011, Van N. Williams, Jr., filed a lawsuit against PLS in Brown County, alleging violations of the Wisconsin Consumer Act. Williams, Jr., asserted claims both individually and as a representative of a prospective class. Williams, Jr.'s amended complaint identified Krueger and Williams, Sr., as prospective class members. PLS answered the amended complaint and, as an affirmative defense, asserted Williams, Jr.'s claims were subject to arbitration. However, PLS later withdrew its arbitration defense "with prejudice."

¶ 3. Thereafter, a second amended complaint was filed, adding four additional named plaintiffs to Williams, Jr.'s lawsuit, including Krueger and Williams, Sr. In its answer to the second amended complaint, PLS again asserted that "some or all [p]laintiffs' claims are subject to arbitration[.]" PLS subsequently demanded that Krueger and Williams, Sr., arbitrate their claims, but they refused to do so.

¶ 4. PLS then filed petitions for arbitration against Krueger and Williams, Sr., seeking to compel arbitration of their claims pursuant to WIS. STAT. § 788.03. Each petition was filed in a separate branch of the Brown County Circuit Court and initiated a separate lawsuit, distinct from the underlying lawsuit against PLS. Krueger and Williams, Sr., moved to dismiss the arbitration petitions pursuant to WIS. STAT.

§ 802.06(2)(a)10., which permits dismissal when there is "[a]nother action pending between the same parties for the same cause." They asserted their pending lawsuit against PLS barred PLS from initiating separate actions to compel arbitration of their claims. The circuit courts agreed and dismissed PLS's petitions. PLS now appeals.

## DISCUSSION

¶ 5.　The circuit courts dismissed PLS's arbitration petitions pursuant to Wis. Stat. § 802.06(2)(a)10. Whether dismissal is warranted under § 802.06(2)(a)10. is left to the circuit court's discretion. *Barricade Flasher Serv., Inc. v. Wind Lake Auto Parts, Inc.*, 2011 WI App 162, ¶ 5, 338 Wis. 2d 144, 807 N.W.2d 697. We will not reverse a discretionary determination unless the court erroneously exercised its discretion by making an error of law or failing to base its decision on the facts of record. *Id.*

¶ 6.　To prevail on a motion to dismiss under Wis. Stat. § 802.06(2)(a)10., the moving party must prove the existence of:　(1) another pending action; (2) between the same parties; (3) for the same cause. PLS does not dispute that the underlying lawsuit against it is "another pending action" or that it involves "the same parties" as PLS's arbitration petitions. Instead, PLS argues only that the underlying lawsuit and the arbitration petitions do not involve "the same cause." We disagree.

¶ 7.　In the arbitration petitions, PLS sought to compel arbitration of Krueger's and Williams, Sr.'s claims. In the underlying lawsuit, PLS asserted arbitra-

tion as an affirmative defense and later moved for a stay of litigation pending arbitration. Thus, the sole issue raised by the arbitration petitions was also raised by PLS in the underlying lawsuit—that is, whether the claims against PLS should proceed in court or should instead be submitted to arbitration. *See* 3 JAY E. GRENIG AND WALTER L. HARVEY, WISCONSIN PRACTICE SERIES: CIVIL PROCEDURE § 206.15 (2d ed. 1994) (lawsuits involve the same cause "if an identity of issues exists" between them). The arbitration petitions are based on the same "facts and circumstances that would be brought out" in the underlying lawsuit to adjudicate PLS's arbitration defense. *See Barricade Flasher*, 338 Wis. 2d 144, ¶ 8. The petitions therefore involve the same "cause" as the underlying lawsuit. Moreover, dismissal of the petitions will allow the arbitration issue to be resolved in the underlying lawsuit, which is another factor weighing in favor of dismissal. *See* GRENIG AND HARVEY, *supra*, § 206.15 (dismissal is warranted if "the controlling issues in the dismissed action will be determined in the other lawsuit"). Accordingly, the circuit courts properly exercised their discretion by dismissing the arbitration petitions.

¶ 8. PLS nevertheless argues the circuit courts erred because WIS. STAT. § 788.03 explicitly permitted PLS to initiate separate actions to compel arbitration. Section 788.03 sets forth a special procedure for obtaining an order compelling arbitration. The statute provides, "[T]he party aggrieved by the alleged failure, neglect or refusal of another to perform under a written agreement for arbitration may petition any court of record having jurisdiction of the parties or of the property for an order directing that such arbitration proceed as provided for in such agreement." Because § 788.03 permits a party to file an arbitration petition

in "any court of record" with jurisdiction, PLS contends it plainly allows a party to file the petition in a court other than one where an underlying lawsuit is pending.

¶ 9. However, this court has previously explained that relief under WIS. STAT. § 788.03 is only available when an underlying lawsuit has not yet been filed. *See J.J. Andrews, Inc. v. Midland*, 164 Wis. 2d 215, 224–25, 474 N.W.2d 756 (Ct. App. 1991). In *J.J. Andrews*, we considered § 788.03 in conjunction with WIS. STAT. § 788.02, which permits a party to move "the court in which such suit is pending" for a stay of litigation to permit arbitration. We concluded:

> [WISCONSIN STAT. §§ 788.02 and 788.03] address two different circumstances. Section 788.02 allows one of the parties to move to stay a pending trial to permit arbitration. Conversely, sec. 788.03 allows a party aggrieved by an alleged failure, neglect or refusal of another to perform arbitration to petition any court for an order to arbitrate. *Section 788.03 addresses the circumstance where a lawsuit has not been commenced.*

*J.J. Andrews*, 164 Wis. 2d at 224–25 (emphasis added). Thus, under *J.J. Andrews*, the special procedure for compelling arbitration contained in § 788.03 is not available when a lawsuit has already been commenced. In that circumstance, the party seeking arbitration must instead move to stay the litigation, pursuant to § 788.02. The party can also move to compel arbitration, but it must do so in the pending lawsuit, and it may not avail itself of the special procedure set forth in § 788.03.

¶ 10. PLS cites two cases for the proposition that a petition under WIS. STAT. § 788.03 is the only means of obtaining an order to compel arbitration, and, therefore, must be available even when a lawsuit has already been commenced. *See State ex rel. Carl v. Charles*, 71 Wis. 2d 85, 237 N.W.2d 29 (1976); *Scholl v. Lundberg*,

178 Wis. 2d 259, 504 N.W.2d 115 (Ct. App. 1993). Both *Carl* and *Scholl* state that, when a contract provides for arbitration, § 788.03 provides the "exclusive remedy" for failure to arbitrate. *Carl*, 71 Wis. 2d at 90;[2] *Scholl*, 178 Wis. 2d at 265. However, neither of these cases addresses the applicability of § 788.03 when a lawsuit is already pending. Instead, both cases address whether certain actions constitute a waiver of the right to arbitrate or contest arbitration. *See Carl*, 71 Wis. 2d at 90; *Scholl*, 178 Wis. 2d at 265. In contrast, *J.J. Andrews* explicitly provides that § 788.03 does not apply when a lawsuit is pending. Thus, when a lawsuit has been commenced, a party may not use the special procedure outlined in § 788.03 to compel arbitration. The party may still seek an order to arbitrate, but it must do so in the court where the underlying lawsuit is pending, not by initiating a separate action.[3]

---

[2] *State ex rel. Carl v. Charles*, 71 Wis. 2d 85, 237 N.W.2d 29 (1976), discusses WIS. STAT. ch. 298, which was renumbered chapter 788 in 1979. *See* 1979 Wis. Laws, ch. 32, § 64.

[3] Our conclusion that a party may not file a separate action to compel arbitration when litigation is pending is bolstered by a passage in WISCONSIN PRACTICE SERIES: METHODS OF PRACTICE. There, the authors state, "If no lawsuit is pending, a petition rather than a motion is filed in order to *commence* the proceeding." *See* 2A JAY E. GRENIG AND NATHAN A. FISHBACH, WISCONSIN PRACTICE SERIES: METHODS OF PRACTICE § 86.49 (5th ed. 2012) (emphasis added). Thus, if there is no lawsuit pending, a party seeking to compel arbitration must start a new proceeding using the procedure outlined in WIS. STAT. § 788.03. However, the authors correctly recognize that a different procedure must be used when a lawsuit is pending. They write, "A defendant in a pending lawsuit may file a petition or motion to compel arbitration *in lieu of an answer to the complaint.*" *Id.* (emphasis added). The petition or motion must therefore be filed in the pending lawsuit, where the answer would otherwise have been filed. The authors also write, "A petition to compel arbitration

¶ 11. Moreover, when a lawsuit is pending, judicial economy demands that the party seeking to compel arbitration do so in the existing suit, rather than by filing a separate action. As Krueger and Williams, Sr., point out, allowing a party to initiate a separate action to compel arbitration when a lawsuit concerning the same subject is already pending would lead to unnecessarily multiplicitous litigation and would frustrate circuit courts' ability to control their own dockets. It could also produce inconsistent results in a case, like this one, where multiple courts are asked to determine the arbitrability of the plaintiffs' claims.

¶ 12. Additionally, determining whether arbitration is required in this case will hinge on whether PLS waived its right to demand arbitration when it stipulated to the dismissal of its arbitration defense in the underlying lawsuit. Resolving this issue will require a court to take evidence on and interpret PLS's conduct in the underlying action. The court in the underlying action can undertake these tasks more efficiently than a separate court. Thus, as a practical matter, allowing PLS to bring separate actions to compel arbitration makes little sense. Again, the circuit courts properly exercised their discretion by dismissing PLS's arbitration petitions.

*By the Court.*—Judgments affirmed.

---

where a lawsuit is pending is usually combined with a motion to stay the judicial litigation until the arbitration is completed." *Id.* Again, this suggests that the petition is filed in the pending litigation, not as a separate action.