RBC Europe, LTD and RBC Capital Markets, LLC, Plaintiffs-Appellants,

v.

David W. Noack and Ronald J. Kruszewski, Defendants-Respondents.

Court of Appeals

*No. 2013AP1105. Submitted on briefs December 3, 2013.
—Decided February 18, 2014.*

2014 WI App 33

(Also reported in 844 N.W.2d 643.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Terry E. Johnson, Michael J. Wirth* and *Janet E. Cain* of *Peterson, Johnson and Murray, S.C.,* Milwaukee and *Mark A. Kirsch, Mitchell A. Karlan, Christopher M. Joralemon, Jennifer L. Conn* and *Rachel A. Lavery* of *Gibson, Dunn & Crutcher LLP,* New York, NY.

On behalf of the defendant-respondent David W. Noack, the cause was submitted on the brief of *Dean P. Laing* and *Patrick G. McBride* of *O'Neil, Cannon, Hollman, DeJong & Laing, S.C.*, Milwaukee.

On behalf of the defendant-respondent Ronald J. Kruszewski, the cause was submitted on the brief of *Brian H. Cahill, Beth Ermatinger Hanan* and *David J. Turek* of *Gass Weber Mullins LLC*, Milwaukee and *Jeffrey J. Kalinowski, Richard H. Kuhlman, pro hac vice* of *Bryan Cave LLP*, St. Louis, MO.

Before Fine, Kessler and Brennan, JJ.

¶ 1 KESSLER, J. RBC Europe, Ltd. and RBC Capital Markets, LLC, (collectively, "RBC") appeal an order of the circuit court denying RBC's motion to reconsider the court's dismissal of RBC's complaint against David Noack and Ronald Kruszewski. We affirm.

## BACKGROUND

¶ 2. This case has a complicated procedural history. On September 26, 2012, RBC filed a complaint against Noack and Kruszewski, alleging fraud, negligent misrepresentation, information negligently provided for the guidance of others, strict liability misrepresentation, conspiracy to injure in business and civil conspiracy. The case was assigned to the Honorable Daniel Noonan. The allegations stemmed from the facts at issue in a related case, *Kenosha Unified School District v. Royal Bank of Canada Europe, Ltd.*, Milwaukee County Circuit Court Case No. 2008CV13726 ("the related case"). In the related case, five Wisconsin school districts sued Stifel Nicolaus and Co. and Stifel Financial Corporation (collectively, "Stifel") and RBC, for

185

claims related to investments in "synthetic collateralized debt obligations manufactured and sold by RBC." The related case had been pending before the Honorable William Brash since 2008. RBC filed the complaint at issue in this appeal against Noack, the former Stifel employee who actively participated in the investment negotiations with the school district, and Kruszewski, the Chief Executive Officer of Stifel, shortly after Judge Brash struck RBC's third-party complaint in the related case, in which RBC alleged identical claims against Noack and Kruszewski.

### The Related Case.

¶ 3. In the related case, the plaintiff school districts filed suit against Stifel and RBC, but did not name either Noack or Kruszewski personally. The plaintiffs amended their complaint twice. RBC timely answered all of the complaints and filed amended cross-claims against Stifel, alleging fraud, negligent misrepresentation, information negligently provided for the guidance of others, strict liability misrepresentation, conspiracy to injure in business and civil conspiracy. However, RBC took no action with respect to Noack or Kruszewski.

¶ 4. On May 3, 2010, Judge Brash issued an initial scheduling order. The order required that any additional parties or claims be added by July 30, 2010. RBC filed two motions to extend the deadline to add parties or claims. At a hearing on October 15, 2010, Judge Brash ordered RBC to file a proposed pleading in advance of making his decision on the motion to extend time. RBC filed a proposed third-party complaint, seeking to add Noack as a third-party defendant. Judge

186

Brash denied RBC's motion to extend time, thus striking RBC's proposed third-party complaint.

¶ 5. In March 2012, the school districts and Stifel reached a settlement of the school districts' claims against Stifel. The school districts then filed a third amended complaint asserting claims against only RBC. On June 4, 2012, almost two years after the deadline set by the scheduling order, RBC filed a third-party complaint against Noack and Kruszewski, alleging fraud, negligent misrepresentation, information negligently provided for the guidance of others, strict liability misrepresentation, conspiracy to injure in business and civil conspiracy. Stifel moved to enforce Judge Brash's original scheduling order and to strike the complaint, arguing that the July 30, 2010 deadline to amend the pleadings had long passed.

¶ 6. On September 18, 2012, Judge Brash held a hearing on Stifel's motion. At the hearing, counsel for RBC stated the following:

> Regardless of what Your Honor does today, Your Honor should know and the parties should know that RBC intends to pursue these claims, prosecute these claims as to Mr. Kruszewski and Mr. Noack.
>
> There is nothing Stifel can do about that, there is nothing the plaintiffs can do about that.
>
> It simply, in light of that doesn't make sense to force the parties to try nearly identical actions in two separate courtrooms when the issues are the same; and, for the most part, the parties are the same.
>
> The claims against Mr. Kruszewski and against Mr. Noack are absolutely intertwined with the claims against Stifel and the claims against the District as our proposed third-party complaint points out.

187

¶ 7. Judge Brash granted Stifel's motion because RBC did not first seek and receive leave to amend its pleadings pursuant to WIS. STAT. § 802.09(1) (2009–10).[1] Judge Brash also told RBC:

> So there is the possibility that the claims could survive and that Noack and Kruszewski, from this Court's position are out and that if you decide, well, you know what, we respectfully disagree, okay? That wouldn't be the first time, okay?
>
> That anybody has disagreed with me, that you decide you want to bring a separate action, okay.
>
> I mean, I don't know that there is anything I would do that would prohibit that; because basically it is, are those parties necessary in this action to go forward with these claims[.]

¶ 8. In his written order following the hearing, Judge Brash stated:

> The RBC parties are free to seek leave to amend their pleading to add these third-party claims pursuant to section 802.09(1), WIS. STAT. Nothing in this Order shall be read to indicate anything regarding the Court's intentions with respect to any motion for leave to add parties that might be filed.

**The Case Underlying This Appeal ("the underlying case").**

¶ 9. RBC did not seek leave from Judge Brash to file its third-party complaint. Rather, on September 26, 2012, RBC filed a separate lawsuit naming Noack and

---

[1] All subsequent references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

Kruszewski as defendants (the complaint at issue in this appeal). RBC's new action was assigned to Judge Noonan.

¶ 10. On January 4, 2013, RBC filed a motion in the related case before Judge Brash, seeking consolidation of the underlying case with the related case. RBC's motion for consolidation argued that "RBC's claims against Noack and Kruszewski in the [underlying case] arise out of the exact same facts upon which RBC's cross and counter-claims in [the related case] are based. These intertwined claims concern the exact same investments involving the exact same parties." RBC also sent a courtesy copy of the motion to Judge Noonan, along with a cover letter explaining its reasons for seeking consolidation:

> [T]he Kenosha Action has been pending before Judge Brash since August 200[8] and is substantially similar to the instant action pending before Your Honor . . . .
>
> . . . . As explained in the motion, the claims that RBC has brought in the Noack [and Kruszewski] action are substantially similar to the counterclaims and cross-claims RBC has brought in the Kenosha action. Indeed, both actions arise out of the exact same transactions and occurrences. Due to the relationship between these two actions, RBC is seeking to consolidate these actions in order to promote judicial economy, efficiency, and to avoid inconsistent determinations.

¶ 11. Both Noack and Kruszewski moved to dismiss the complaint before Judge Noonan, arguing that RBC failed to state a claim upon which relief could be granted. Judge Noonan did not hold a hearing on the motion, but rather issued an order dismissing RBC's complaint without prejudice pursuant to WIS. STAT.

189

§ 802.06(2)(a)10.[2] Judge Noonan found that because the action before Judge Brash involved the same parties and the same cause, § 802.06(2)(a)10. allowed for dismissal.

¶ 12. RBC filed a motion for reconsideration, arguing that it did not have an opportunity to be heard on whether its complaint should be dismissed under WIS. STAT. § 802.06(2)(a)10. RBC also argued that Judge Noonan's order dismissing its complaint was based on "certain factual inaccuracies" because Judge Noonan did not have the transcript of the September 18, 2012 hearing before Judge Brash in the related case. The transcript, RBC claimed, would establish that Judge Brash "acknowledg[ed] that a new, separate action was appropriate." Judge Noonan granted RBC's motion for reconsideration.

¶ 13. Judge Noonan held a hearing on the motion on May 1, 2013. After hearing arguments from the parties, Judge Noonan stated that a review of the transcript did not support RBC's contention that Judge Brash, in essence, directed RBC to file a new complaint in a new court. Moreover, Judge Noonan stated that any confusion related to Judge Brash's remarks could have been clarified simply by asking Judge Brash whether he was directing RBC to file a new complaint, and that

---

[2] WISCONSIN STAT. § 802.06(2)(a)10. provides:

Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or 3rd-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . . .

10. Another action pending between the same parties for the same cause.

RBC's claims essentially ignored Judge Brash's written order. Specifically, Judge Noonan stated:

> But one concern I have if I permit this type of activity to occur, it would appear to me clearly to be of the actual order itself, not the dicta. And . . . the order itself is very clear and unequivocal and says nothing . . . about you may proceed on a separate action.

¶ 14. Judge Noonan upheld his decision to dismiss RBC's complaint without prejudice. Relying on WIS. STAT. § 802.06(2)(a)10. and this court's decision in *Barricade Flasher Service, Inc. v. Wind Lake Auto Parts, Inc.*, 2011 WI App 162, 338 Wis. 2d 144, 807 N.W.2d 697, Judge Noonan stated, in a written order:

> Nothing in the October 5, 2012 Order [issued by Judge Brash] indicates that RBC was to file a new lawsuit. The Order does not direct RBC to file a new lawsuit . . . . The words at the [September 18, 2012] hearing were nothing more than a discussion or conversation between Judge Brash and the parties involved. Judge Brash's words were not directives or assurances that RBC would b[e] able to file a new suit and consolidate it with the related action.
>
> As RBC indicates in their letter to this Court . . . the theory of recovery in both lawsuits are "substantially similar" and "both actions arise out of the exact same transactions and occurrences." Given that the underlying theory of recovery in the two cases is the same and that both lawsuits deal with the same factual circumstance, this Court dismisses the present action without prejudice pursuant to WIS. STAT. § 802.06(2)(a)10. RBC cannot circumvent [the] Honorable William Brash's rulings in [the related case] by filing the present lawsuit. A new lawsuit is not an alternative way to amend pleadings . . . . [T]he appropriate remedy is to

191

either appeal those orders, seek relief pursuant to Wɪs. Sᴛᴀᴛ. § 806.07, or seek leave to amend the pleadings; not file a new lawsuit.

¶ 15. This appeal follows.[3]

## DISCUSSION

**Standard of Review.**

██

¶ 16. "Whether dismissal is warranted under [Wɪs. Sᴛᴀᴛ.] § 802.06(2)(a)10. is left to the circuit court's discretion." *The Payday Loan Store of Wisconsin Inc. v. Krueger*, 2013 WI App 25, ¶ 5, 346 Wis. 2d 237, 828 N.W.2d 587. "A circuit court's discretionary decision will not be reversed unless the court erroneously exercised its discretion." *Barricade*, 338 Wis. 2d 144, ¶ 5. "A circuit court erroneously exercises its discretion if it makes an error of law or if it fails to base its decision upon the facts in the record." *Id.*

---

[3] RBC appeals both Judge Noonan's initial order granting Noack and Kruszewski's motion to dismiss, as well as the order following the reconsideration motion. Judge Noonan's order granting the motion for reconsideration, but upholding his earlier decision, is the only appealable order before this court. The order, issued on May 29, 2013, vacated Judge Noonan's previous order, issued on March 27, 2013. A vacated order is a nullity that cannot be appealed. *See Chitwood v. A.O. Smith Harvestore Products, Inc.*, 170 Wis. 2d 622, 626 n.1, 489 N.W.2d 697 (Ct. App. 1992).

After Judge Noonan heard RBC's motion for reconsideration, but prior to issuing his written order, RBC filed a motion in the related case for leave to amend the pleadings to add third party claims against Noack and Kruszewski. The Honorable Karen E. Christianson denied RBC's motion. That order is not before us.

¶ 17. The heart of RBC's argument is that Wıs. Stat. § 802.06(2)(a)10. does not apply to the underlying case because: (1) none of the parties raised a § 802.06(2)(a)10. issue, prompting Judge Noonan to erroneously enforce the statute *sua sponte;* (2) the parties in the underlying case and the related case are not the same; and (3) Wıs. Stat. § 806.07 warrants relief because RBC followed Judge Brash's directive to file a new complaint.

## I. Judge Noonan did not erroneously invoke Wıs. Stat. § 802.06(2)(a)10.

¶ 18. RBC's first argument can be easily dismissed because Judge Noonan did not erroneously invoke Wıs. Stat. § 802.06(2)(a)10. *sua sponte.* "[I]t is well recognized that courts may *sua sponte* consider legal issues not raised by the parties." *State v. Holmes*, 106 Wis. 2d 31, 39–40, 315 N.W.2d 703 (1982) (emphasis added). "Any objection to the circuit court's raising [an] issue *sua sponte . . .* is diminished or eliminated by the circuit court giving the litigants notice of its consideration of the issue and an opportunity to argue the issue." *Id.* at 40–41 (emphasis added). Judge Noonan granted RBC's motion for reconsideration after RBC asserted that it did not have an opportunity to be heard on whether its complaint should be dismissed under § 802.06(2)(a)10. Judge Noonan then considered RBC's written and oral arguments against the statute's application, but ultimately rejected those arguments in his May 29, 2013 order. Thus, RBC had ample opportunity to argue its § 802.06(2)(a)10. objection. Accordingly, Judge Noonan did not erroneously invoke

§ 802.06(2)(a)10. when dismissing RBC's complaint against Noack and Kruszewski.

## II. Case law supports dismissal of RBC's claims against Noack and Kuszewski.

¶ 19. RBC also contends that Judge Noonan erroneously relied on Wis. Stat. § 802.06(2)(a)10. when he concluded that, in accordance with *Barricade*, RBC was barred from maintaining the underlying case because RBC was engaged in a near identical case before Judge Brash. Judge Noonan applied § 802.06(2)(a)10. finding that: RBC ignored Judge Brash's order when it failed to seek leave to amend its pleadings in the related case; RBC admitted to a significant overlap between the parties and causes in the underlying case and the related case; and case law supported his application of the statute. We agree.

¶ 20. Wisconsin Stat. § 802.06(2)(a)10. provides:

Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or 3rd-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . . .

10. Another action pending between the same parties for the same cause.

¶ 21. We addressed a similar factual situation in *Barricade*. Barricade Flasher Service ("Barricade") filed suit in Milwaukee County against Jeffrey E. Bodendorfer Jr. and Sr., "alleging theft, fraud, conversion, con-

spiracy, and breach of fiduciary duty." *Id.*, 338 Wis. 2d 144, ¶ 2. The Bodendorfers subsequently added Wind Lake Auto Parts, Inc., and Steven Heinze ("Wind Lake") as third-party defendants, seeking contribution and indemnification. *Id.*, ¶¶ 1–2. "On February 15, 2010, the circuit court set a March 15, 2010 deadline for the parties to amend their pleadings." *Id.*, ¶ 2. Barricade amended its complaint to add Wind Lake as a defendant, but did so two weeks after the deadline. *Id.* The circuit court denied the motion. *Id.*

¶ 22. Barricade then filed suit against Wind Lake in Racine County, alleging fraud. *Id.*, ¶ 3. Wind Lake filed a motion to dismiss pursuant to WIS. STAT. § 802.06(2)(a)10. *Barricade*, 338 Wis. 2d 144, ¶ 3. The circuit court in Racine County granted the motion, finding that Barricade's action dealt with the same factual circumstances and parties as its case in Milwaukee County, and that Barricade had ample opportunity to add Wind Lake as a defendant in Milwaukee County. *Id.* Barricade appealed, arguing that its Racine County case should not have been dismissed because the parties in the two cases were different. *Id.*, ¶ 8. Relying on our decision in *Aon Risk Services, Inc. v. Liebenstein*, 2006 WI App 4, 289 Wis. 2d 127, 710 N.W.2d 175 (WI App 2005), we concluded that:

> the Racine County lawsuit against Wind Lake is based on facts and circumstances that would be brought out in the Milwaukee County lawsuit. There is no basis for Wind Lake to defend itself against two lawsuits stemming from the same claim. Barricade had its chance to add Wind Lake as a party and did not do so.

*Barricade*, 338 Wis. 2d 114, ¶ 8. We relied on our holding on *Aon Risk Services*[4] because of the similar factual circumstances of that case. In *Aon Risk Services*, Aon Risk Services sued Palmer & Cay of Wisconsin, LLC, and Palmer and Cay Holdings, Inc. *Id.*, 289 Wis. 2d 127, ¶ 1. The circuit court granted summary judgment and dismissed Aon Risk Services claims. *Id.* The court then denied Aon Risk Services' motion to amend its complaint, prompting Aon Risk Services to file a new lawsuit against Palmer & Cay's parent company. *Id.*, ¶¶ 1, 41. We affirmed the circuit court's grant of the parent company's summary judgment motion, stating that a new lawsuit "is not an alternate way to amend a complaint." *Id.*, ¶ 41. Moreover, we found no discernable reason as to why Aon Risk Ser-

---

[4] Like in *Barricade Flasher Service, Inc. v. Wind Lake Auto Parts, Inc.*, 2011 WI App 162, 338 Wis. 2d 144, 807 N.W.2d 697, we again acknowledge that our reliance on *Aon Risk Services, Inc. v. Liebenstein*, 2006 WI App 4, 289 Wis. 2d 127, 710 N.W.2d 175 (WI App 2005) is persuasive:

> We recognize that *Aon* was partially overruled in *Burbank Grease Services, LLC v. Sokolowski*, 2006 WI 103, ¶ 33, 294 Wis. 2d 274, 717 N.W.2d 781. We are also aware "that a court of appeals decision expressly overruled by [the supreme court] no longer retains any precedential value, unless [the supreme court] expressly states that it is leaving portions of the court of appeals decision intact." *Blum v. 1st Auto & Cas. Ins. Co.*, 2010 WI 78, ¶ 56, 326 Wis. 2d 729, 786 N.W.2d 78. While the *Burbank* decision did not abrogate the portion of *Aon* that discussed Wis. STAT. § 802.06(2)(a)10., it also did not state that it was leaving those portions intact. Therefore, while *Aon* is no longer controlling precedent, it remains persuasive precedent. We find *Aon* persuasive and thus adopt the reasoning of the portions of *Aon* discussed above. *See Aon*, 289 Wis. 2d 127, ¶¶ 41–44, 710 N.W.2d 175.

*See Barricade*, 338 Wis. 2d 144, ¶ 9 (brackets in *Barricade*).

vices did not add the parent company to its first lawsuit, nor did Aon Risk Services provide us with one. *Id.,* ¶ 44.

¶ 23. Similarly, in *Payday Loan Store,* we upheld the circuit court's dismissal, pursuant to WIS. STAT. § 802.06(2)(a)10., of Payday Loan Store's ("PLS") two lawsuits against Nicole Krueger and Van Natta Williams, Sr. *Payday Loan Store,* 346 Wis. 2d 237, ¶ 1. Krueger and Williams joined a lawsuit against PLS, alleging that PLS violated the Wisconsin Consumer Act. *Id.* PLS asserted as an affirmative defense that the named plaintiffs' claims were subject to arbitration, but later withdrew that defense with prejudice. *Id.,* ¶¶ 1–2. In its answer to an amended complaint which added four plaintiffs, PLS asserted that some or all of the plaintiffs' claims were subject to arbitration. *Id.,* ¶ 3. When Krueger and Williams refused to arbitrate their claims, PLS filed separate petitions to compel arbitration against them. *Id.,* ¶¶ 3–4. The circuit court dismissed the petitions under § 802.06(2)(a)10. *Payday Loan Store,* 346 Wis. 2d 237, ¶ 4.

¶ 24. PLS appealed, arguing that the cause asserted in the underlying lawsuit and the cause asserted in its petitions to compel arbitration were not the same. *Id.,* ¶ 6. We upheld the circuit court, stating, "[i]n the underlying lawsuit, PLS asserted arbitration as an affirmative defense and later moved for a stay of litigation pending arbitration. Thus, the sole issue raised by the arbitration petitions was also raised by PLS in the underlying lawsuit—that is, whether the claims against PLS should proceed in court or should instead be submitted to arbitration." *Id.,* ¶ 7.

■

¶ 25. The arguments RBC raises are substantially similar to those we have already dealt with in the

above-discussed cases. Accordingly, our conclusion is also substantially similar. RBC, by its own admission, stated that the underlying case and the related case are "substantially similar," "arise out of the exact same transactions and occurrences," and involve "intertwined claims [that] concern the exact same investments involving the exact same parties." RBC's own admissions of similarity are amply supported by the record. The claims RBC raises against Noack and Kruszewski are nearly identical to the cross-claims RBC raised against Stifel in the related case. Noack was the Stifel employee who actively participated in the investment negotiations with the school district. Kruszewski was, and still is, the Chief Executive Officer of Stifel. Any claims RBC asserts against Noack and Kruszewski arise out of their employment with Stifel—the facts of which give rise to the related case. We agree with Judge Noonan that RBC's attempt to now claim differences between the underlying and related cases is merely an attempt to "circumvent [the] Honorable William Brash's rulings in [the related case.]."

¶ 26. Allowing the simultaneous lawsuits to continue will essentially allow for the litigation of two identical lawsuits in two separate courts. We held in *Barricade* that where the facts and circumstances of a pending lawsuit and a new lawsuit are the same, simply naming "a different party [in the new lawsuit] is not enough to get around [Wis. Stat.] § 802.06(2)(a)10." *Barricade*, 338 Wis. 2d 144, ¶ 8. Such a situation leads to a waste of judicial resources and is simply nonsensical.

¶ 27. Furthermore, like in our decision in *Aon Risk Services*, we find no discernable reason as to why RBC attempted to add Noack and Kruszewski so long after the deadline set by Judge Brash's scheduling order

had passed. Noack was the primary Stifel employee involved in the negotiations with the school districts. Although RBC states that its claims against Kruszewski did not arise until 2011, we find this argument unpersuasive. Kruszewski was/is the Chief Executive Officer of Stifel—how it took RBC four years to realize that Kruszewski, as the head of Stifel, could be added to its case before Judge Brash is incomprehensible.

### III. RBC is not entitled to relief in this case pursuant to Wis. Stat. § 806.07.

¶ 28. RBC also contends that it is entitled to relief pursuant to Wis. Stat. § 806.07(1)(h) because it followed "the guidance of Judge Brash" when it filed a separate complaint against Noack and Kruszewski. RBC contends that "[t]he fact that Judge Brash advised RBC in the Related Action that he would not object to the filing of a separate action in itself supported RBC's request for relief from the dismissal order below." RBC is mistaken.

¶ 29. Wisconsin Stat. § 806.07(1)(h) provides: "On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party or legal representative from a judgment, order or stipulation for the following reasons: ... Any other reasons justifying relief from the operation of the judgment." RBC contends that § 806.07(1)(h) is applicable because RBC, in essence, was punished for following Judge Brash's guidance.

¶ 30. A review of the September 18, 2012 hearing transcript establishes that Judge Brash did not direct RBC to file a new suit naming Noack and Kruszewski as defendants. As stated in the "Background" section of this opinion, *supra,* Judge Brash stated the following:

So there is the possibility that the claims could survive and that Noack and Kruszewski, from this Court's position are out and that if you decide, well, you know what, we respectfully disagree, okay? That wouldn't be the first time, okay?

That anybody has disagreed with me, that you decide you want to bring a separate action, okay.

I mean, I don't know that there is anything I would do that would prohibit that; because basically it is, are those parties necessary in this action to go forward with these claims[.]

¶ 31. RBC fails to mention, however, that Judge Brash's comments were in response to RBC's declaration that it was going to pursue its claims against Noack and Kruszewski "[r]egardless of what Your Honor does [at the hearing]." Judge Brash did not tell RBC how to proceed, but rather noted that he could not prevent RBC from filing another complaint. At no point did Judge Brash direct RBC to file a separate lawsuit. Furthermore, Judge Brash's written order made no mention of RBC's ability to file a new complaint. Rather, the order indicated that RBC was free to file leave to amend the pleadings in the related case. RBC's attempt to blame Judge Brash's comments for its failed attempt at initiating a new lawsuit is disingenuous at best.

¶ 32. For the foregoing reasons, we affirm the circuit court.[5]

---

[5] To the extent RBC argues issues not addressed by this opinion, we conclude that our decision upholding the applicability of Wis. Stat. § 802.06(2)(a)10. resolves all other issues. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶ 8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (We decide cases on the narrowest possible grounds.).

*By the Court.*—Order affirmed.